EDWARD S. ROWLAND, plaintiff in error, *vs.* ISAAC COLEMAN *et al.*, defendant in error.

(BY TWO JUDGES.) An assignment by one, insolvent at the time, to one creditor, to the exclusion of others, and providing for a return of the surplus, after paying the debt to the assessor, is not, since the Act of 1866, in this State, fraudulent upon its face as to other creditors, and a bill alleging no other facts, but merely charging that the said assignment was intended to defraud and delay another creditor, but stating no other facts indicating fraud, is demurrable for want of equity. 5th March, 1872.

Assignment. Equity pleading. Before Judge JOHNSON. Muscogee Superior Court. May Term, 1871.

Rowland, by bill, sought to set aside an assignment made by Coleman and wife to Ransom & Company, averring that said assignment was "made reserving a certain surplus to Coleman, and with the intent to delay and defraud" Rowland—said Ransom & Company knowing such was the object thereof. He averred that this assignment was made pending his suit against Coleman, in which he subsequently had a judgment which is unpaid. The bill was dismissed upon demurrer, and that is assigned as error.

L. T. DOWNING, for plaintiff in error.

CHAPPELL & RUSSELL; FARROW & THOMAS, for defendants.

Green *vs.* Allen *et al.*

McCay, Judge.

Our Act of 1865, 1866, authorizes a debtor in failing circumstances to prefer one creditor to another, in an assignment; and so this Court decided in the case of *Embry vs. Fishcheser*, 38 Georgia Reports, 245. And if this be done, *bona fide*, it does not make the assignment void, if there be more assigned than will pay the debt. The fact that there may be a surplus in the hands of the assignee, after paying the debt, is not of itself sufficient to make the assignment fraudulent, if the assignment be *bona fide:* 27 *Georgia Reports*, 385; 18 *Georgia Reports*, 668; 7 *Georgia Reports*, 275; 1 *Georgia Reports*, 176.

This bill sets up no fact inconsistent with these principles, as attendant upon this assignment. True, there is a general charge that the intent was to defraud, but it is well settled that mere general allegations imputing motives of fraud are not sufficient in any case. There must be facts stated which the Court may see are inconsistent with a fair and *bona fide* intent.

Judgment affirmed.