Decided at PENDLETON, July 20, 1895.

## LEASURE v. FORQUER.
[41 Pac. 665.]

1. PLEADING FRAUD.— Under the established rule that facts and not conclusions must be pleaded, an allegation that a certain deed was made "for the purpose of hindering, delaying, and defrauding the creditors" of the grantor is not sufficient to sustain a decree, for it states only a conclusion·

2. FRAUDULENT CONVEYANCE—SUBSEQUENT CREDITORS.—That a conveyance by a grantor who at the time had no creditors to subserve was without consideration does not render it fraudulent as against a subsequent creditor, in the absence of any reservation of an interest in trust for the grantor.

APPEAL from Umatilla: MORTON D. CLIFFORD, Judge.

This is a suit to foreclose a mortgage, and to have the land therein described sold to satisfy the same. The allegations of the complaint are in substance: That on or about the fifth day of June, eighteen hundred and ninety-three, the defendant William Forquer, for value, made, executed, and delivered to plaintiffs his promissory note for the sum of five hundred dollars, payable five months after date in United States gold coin, with interest from date at the rate of ten per cent. per annum, and providing for the payment of a reasonable attorney's fee in case suit or action was instituted to collect the same; that for the purpose of securing the payment of the same, Forquer, on the twelfth day of June, eighteen hundred and ninety-three, made, executed, duly acknowledged,

and delivered to plaintiffs a mortgage upon certain premises therein described containing one hundred and fifty six and seventy hundredths acres, a copy of which is made a part of the complaint. It appears from the copy that Forquer covenanted therein that he was the owner in fee simple of the premises, and that they were free from all encumbrances except a mortgage in favor of J. H. Raley for the sum of five hundred dollars. It is further alleged that the defendant Forquer is insolvent, and the complaint continues: "That heretofore, to wit, on or about the eighteenth day of January, eighteen hundred and ninety-three, the said William Forquer sold and transferred the said real property by deed of conveyance, dated on that day, to defendant Squire Bosworth, for the alleged consideration of eight hundred dollars, which deed of conveyance was recorded on the seventh day of February, eighteen hundred and ninety-three, at page 356 of book IX of Deeds in the office of the county clerk of Umatilla County, Oregon; but in truth and in fact said deed of conveyance was made without any consideration whatever, and was made for the purpose of defrauding, hindering, and delaying the creditors of the said William Forquer, and these plaintiffs in particular, all which was and is well known to the defendant Squire Bosworth, and the said deed of conveyance was and is fraudulent and void as to all the creditors of said William Forquer and these plaintiffs in particular; that the interest, right, estate, title, and lien, if any there be, which said Squire Bosworth has or claims to have in the said lands are inferior and subordinate in right to the lien and right of these plaintiffs therein, by virtue of their said mortgage thereon, and is null and void, and fraudulent as to these plaintiffs, and so far as they and their said lien and right upon said lands are concerned." There are some other allegations relating to the at-

torney's fee, and a supposed mistake in the mortgage, not necessary to recite. Bosworth interposed a general demurrer that the complaint does not state sufficient facts to constitute a cause of suit, which was overruled by the court. In this· it is claimed there was error, and, owing to the imperfect state of the record, it is the only question we can consider.          REVERSED.

For appellant there was the following brief by *Messrs. William Parsons,* and *Bailey, Balleray and Redfield,* and an oral argument by *Messrs. Parsons* and *John J. Balleray.*

Even a voluntary conveyance by a person not indebted at the time cannot be impeached by subsequent creditors unless fraud was intended when the conveyance was made: *Mattingly* v. *Nye,* 75 U. S. (8 Wall.), 370; *Sexton* v. *Wheaton,* 21 U. S. (8 Wheat.), 229; Pomeroy's Equity Jurisprudence (Vol. 2), § 974; *Page* v. *Grant,* 9 Or. 120. A conveyance in some instances can be fraudulent as to subsequent creditors, but nothing in this complaint shows, or even indicates that this conveyance could possibly have been fraudulent. There is no allegation at all in the complaint that Forquer had any creditors. Certainly these plaintiffs were not creditors at the time of the execution of the deed, and did not become such creditors until some six months afterwards, according to the complaint. Unless there was some preconcerted arrangement, some fraudulent scheme, agreement, or understanding between Forquer and Bosworth by which Forquer was to deed this property to Bosworth, and afterwards contract the debt with plaintiffs, there was no fraud, and without the allegation of some such thing, plaintiffs have no standing in court. A conveyance is never fraudulent as to subsequent creditors, no matter for what consideration made, unless there is a fraudulent scheme to afterwards acquire credit, or to run in debt,

and that the conveyance is made in contemplation of that, but there was no such allegation in the plaintiff's complaint in this case, nor any such state of facts alleged; they simply say that the conveyance from Forquer to Bosworth was fraudulent.

Fraud, when relied upon, must be pleaded, that is, the facts constituting the fraud must be set forth: *Sidney* v. *Vannoy,* 1 Or. 344; *Harding* v. *Hanley,* 24 U. S. (11 Wheat.), 103; *Forey* v. *Clark,* 3 Wendell, 637; Kerr on Fraud and Mistake, 365; *Pendleton* v. *Galloway,* 9 Ohio, 178; *Hoyt* v. *Clarkson,* 23 Or. 51; *Archer* v. *California Lumbering Company,* 24 Or. 340.   Then while they allege this conveyance from Forquer to Bosworth to be fraudulent, they do not say what the fraud consisted of.   To say that a thing is fraudulent is not an allegation of fact.   In order to plead fraud the facts constituting the fraud must be set up.   Here no facts showing fraud are set up, they simply say the conveyance was fraudulent as to them, then they go on and show it could not have possibly been fraudulent.

For respondents there was the following brief and an oral argument by *Mr. Charles H. Carter.*

When the conveyance is made without consideration and with the intent to put the property out of the reach of debts then contracted, or which the grantor at the time of the conveyance intended to contract, but which he does not intend to pay, or has reasonable grounds to believe that he may not be able to pay, the conveyance is fraudulent and will be set aside.   An actual fraudulent intent having been found on the part of the grantor, and the conveyance having been made without any consideration passing from the grantee to the grantor, it makes no difference whether the debts represented by the plaintiffs'

27 OR.—43.

mortgage was contracted before or after the conveyance to Bosworth. Such a conveyance would be void as to subsequent as well as existing creditors. Unquestionably if the grantee, at the time he received the conveyance, paying no consideration therefor, knew of the fraud being perpetrated and the existence of creditors of his grantors: *Crawford* v. *Beard,* 12 Or. 453, 454; *Page* v. *Grant,* 9 Or. 116, 120; 1 Story's Equity Jurisprudence, §§ 361, 362; *Read* v. *Livingstone,* 3 Johns. Ch. 499; Kerr on Fraud and Mistake, 206, 207; *Barrett* v. *Barrett,* 5 Or. 414.

The complaint is perhaps defective in stating a good cause of suit, but where a defect in a pleading, whether in form or in substance, which would have been fatal on demurrer, is cured after a suit has been tried regularly and decree entered, if the issue joined be such as necessarily required on the trial proof of the facts omitted or defectively stated, and without which it is not to be presumed that the decree would have been entered: *Houghton* v. *Beck,* 9 Or. 325; *Hyland* v. *Hyland,* 19 Or. 51; *Anderson* v. *North Pacific Lumber Company,* 21 Or. 281.

PER CURIAM. 1. It will be seen from the complaint that the said note was executed by Forquer ·June fifth, eighteen hundred and ninety-three, and it will be presumed for the purposes of the demurrer that the debt accrued upon that date and not prior thereto. The deed of which plaintiffs complain was executed long prior thereto, about January eighteenth, eighteen hundred and ninety-three, and was placed of record the same day, which gave them at least constructive notice thereof, so that at the time of the execution of the deed, plaintiffs were not creditors of Forquer. Hence it could not be true that the deed was made for the purpose of hindering, delaying, or defrauding the plaintiffs. There is no allegation of an evil design on the part of Forquer to secretly dispose of his property with a view of contract-

ing a debt with plaintiffs for the purpose of defrauding them. So far as the allegations of fraud are concerned, they are mere conclusions, and not a statement of facts out of which it is supposed to arise. Such averments alone will not support a judgment: *Flewellen* v. *Crane,* 58 Ala. 627; *Rowland* v. *Coleman,* 45 Ga. 204; *Wood* v. *Amory,* 105 N. Y. 282 (11 N. E. 636); *Van Weel* v. *Winston,* 115 U. S. 237 (6 Sup. Ct. 22).

2. The allegation, however, that the "deed of conveyance was made without any consideration whatever," is an averment of fact, but this cannot avail the plaintiffs in the absence of some showing that Forquer had an interest in the premises, or that Bosworth was holding them in secret trust for his use and benefit. The only intimation we have from the complaint that Forquer had any interest whatever at the time of the execution of the mortgage is his covenant, and perhaps a colorable presumption of some sort of title arising from the fact of his giving it to plaintiffs; but this is not competent evidence to impeach Bosworth's title in the absence of a showing of conspiracy to which both Forquer and Bosworth were parties. If Forquer had no creditors to subserve, he had a right to convey his property to whomsoever he pleased, without a consideration, and unless it was conveyed in trust for himself it would be out of reach of his subsequent creditors: Hill's Code, § 3053. No such secret trust relations are set up, nor are they relied upon for relief. We cannot concur with counsel for the plaintiffs that the defect in the complaint is one of statement merely; it states a defective title and is insufficient to support the decree based upon it. It follows that the decree is reversed, the demurrer sustained, and the cause remanded for such other proceeding as may seem appropriate not inconsistent with this opinion.

REVERSED.