DON C. AYERS, APPELLANT, V. OLIVER S. WOLCOTT ET AL.,
APPELLEES.

FILED DECEMBER 17, 1902.    No. 10,424.

1. **Fraudulent Conveyance:** ALLEGATIONS. To set aside a conveyance
of real estate on the ground that it is fraudulent as to subse-
quent creditors, such a creditor must allege and prove that
such conveyance was made with intent to defraud subsequent
creditors and in contemplation of such future indebtedness.

2. **Allegata et Probata.** The allegations of a pleading and the
proofs thereunder must agree.

3. ———. Where it is alleged that conveyances of real estate were
made to defraud existing creditors and the proofs show such
conveyances were executed and delivered prior to the incurring
of the indebtedness, the petition under · the proofs will not
sustain a decree in favor of the plaintiff.

4. **Evidence.** Evidence examined, and as to two of the alleged
fraudulent grantees, *held* sufficient to support the findings and
decree of the trial court in their favor.

5. **Fraudulent Conveyance:** RELATIVES. Where conveyances of real
estate which have the effect of hindering, delaying or defraud-
ing existing creditors are executed in favor of the relatives
of the grantor, it is the rule in this state that such grantees
are required to show by satisfactory evidence the *bona fides*
of the transaction.

6. **Opinion Modified.** On rehearing the decision in *Ayers v. Wolcott*,
62 Nebr., 805, is modified, and as modified, adhered to.

APPEAL from the district court for Merrick county. Re-
hearing of case reported in 62 Nebr., 805. Bill in equity
to set aside fraudulent conveyances. Heard below before
ALBERT, J. Decree for defendants below. Plaintiff ap-
peals. *Former judgment of reversal modified.*

*Morris, Thompson, Prince, Manoah B. Reese, Harry A.
Reese* and *Jefferson H. Broady,* for appellant.

*John C. Martin* and *John Patterson, contra.*

HOLCOMB, J.

This cause comes here by appeal, and is now submitted
on rehearing. The former decision, reversing the decree

of the trial court in favor of the defendants, is found in *Ayers v. Wolcott,* 62 Nebr., 805. The case need not here be restated. The petition, a creditors' bill, is framed on the theory that the several conveyances of real estate which it is sought to have vacated, and the real estate therein described subjected to the satisfaction of the plaintiff's debt, were made and delivered in fraud of the rights of the existing creditors of the grantor, O. S. Wolcott. The other defendants, his four children, who were grantees of different tracts of real estate, each answered separately and by proof undertook to uphold the conveyance made to each grantee, respectively. It is conclusively shown by the evidence that the conveyances made to the defendants Walter and Donzella Wolcott, respectively, were executed and delivered prior to the incurring of the indebtedness afterwards reduced to the judgment which is made the basis of this action. The rule seems to be well settled that, to set aside a conveyance on the ground that it is fraudulent as to subsequent creditors, such creditors must allege and prove that such conveyance was made with intent to defraud subsequent creditors and in contemplation of such future indebtedness. *Kemper v. Renshaw,* 58 Nebr., 513; *Rockford Watch Co. v. Manifold,* 36 Nebr., 801; *Graham v. Estate of Townsend,* 62 Nebr., 364; *Leasure v. Forquer,* 27 Ore., 334, 41 Pac. Rep., 665; *Burton v. Platter,* 53 Fed. Rep., 901; *Petree v. Brotherton,*\* 32 N. E. Rep. [Ind.], 300; *Harlan v. Maglaughlin,* 90 Pa. St., 293. The rule is also well established and invariable to the effect that the allegations of a pleading and the proofs thereunder must agree. *Traver v. Shaefle,* 33 Nebr., 531; *Clarke v. Omaha & S. W. R. Co.,* 5 Nebr., 314; *Imhoff v. House,* 36 Nebr., 28. Inasmuch as the appellant's rights, whatever they may be, must be determined by the rule of law as applicable to conveyances made to defraud subsequent creditors, it follows that the allegations in the petition that the conveyances were

\*133 Ind., 692; opinion filed October 27, 1892. Motion for rehearing overruled March 9, 1893.

made with intent to defraud existing creditors are not sufficient to sustain a decree in plaintiff's favor under the proofs as to the two defendants mentioned, and therefore the decree of the trial court dismissing the action, at least as to them, was proper.

It may also be said that the evidence as to these defendants is, probably, sufficient to support the decree of the trial court in their favor. Treating the petition as stating a good cause of action as to subsequent creditors, they were not, under the evidence, grantees under conveyances wholly voluntary and without consideration. They each received but a small quantity of land, compared with the total amount conveyed by the senior Wolcott to all his children. Donzella obtained but eighty acres and Walter a quarter section. The evidence justifies the inference that each had an equitable interest in the land conveyed, by reason of having advanced the purchase money at the time title was acquired in the name of the senior Wolcott, and that the latter held but the naked legal title. There is, we think, sufficient evidence to support the finding and decree of the trial court, which apparently went on the theory that none of the several transactions were fraudulent as to the plaintiff as a creditor of the senior Wolcott, the grantor. As to these two defendants the evidence, we think, warrants the inference that the specific tracts of land included in the conveyances to them, respectively, were equitably theirs, as the beneficial owners and that the conveyances made by the parents were bona-fide transactions, having the effect of merging the legal and equitable estates in the true owners. While the question may not be entirely free from doubt, we are disposed to the view that as to these two defendants it can not be said that the decree of the trial court is so unsupported by competent evidence as to be clearly wrong.

The bulk of the ranch property, all lying in a body, save the eighty-acre tract conveyed to Donzella, was conveyed to the two sons, George and Reuben, by separate instruments of conveyance. These defendants were at the

time ostensibly in possession and control of all the land conveyed to them,—used and farmed it for stock and agricultural purposes. It is manifest the elder Wolcott possessed a substantial interest in the property and held the legal title until the delivery of the conveyances to the defendants. It is equally clear that the credit was extended on the faith of his ownership of such lands. While all the conveyances were executed at the same time, the delivery to the two sons last named was not made until several days subsequent to the incurring of the indebtedness which it is sought to have satisfied by these proceedings. While delivery is presumed to be on the date of the execution of such an instrument, this presumption may be overcome, and delivery shown to have been made at another time. It thus appears that the transaction by which the ranch property, with the exceptions mentioned, was conveyed to George and Reuben was not completed until a time subsequent to the date the grantor had incurred the liability in favor of the plaintiff, and that as to them the plaintiff or his predecessor in title was an existing creditor. As to these two grantees, then, the petition and the proofs conform, and the defendants' rights must be determined under the rules with respect to conveyances of real estate which have the effect of hindering, delaying or defrauding existing creditors. Where such conveyances are executed in favor of relatives, it is a well-recognized rule in this state that it devolves upon such grantees to show by satisfactory evidence the *bona fides* of the transaction. *Fisher v. Herron,* 22 Nebr., 183; *Bartlett v. Cheesbrough,* 23 Nebr., 767; *Plummer v. Rummel,* 26 Nebr., 142; *National Bank of Commerce v. Chapman,* 50 Nebr., 484; *Blair State Bank v. Bunn,* 61 Nebr., 464.

That the elder Wolcott made the conveyances in anticipation of incurring the indebtedness which was contracted the second day thereafter, we think there can be no rational doubt, as was held in the first opinion. It is obvious that at the time he incurred the indebtedness he was not only the owner and holder of the legal title to all this property, but

was in fact the real owner of much, if not all, of it, and voluntarily conveyed all his interest therein, without an adequate consideration. It is, probably, true the grantees had an equitable claim to some of the property, inasmuch as they, with the senior Wolcott, had by their joint labor and accumulations acquired the property; the legal title always being transferred to the father. Had the grantees been contented with a bona-fide adjustment of their respective interests in the property and a division thereof in conformity with such interests, leaving to the elder Wolcott that which was rightfully his, an entirely different question would be presented. The father was without question the absolute owner, legally and equitably, of much of the property, and had such substantial interest and ownership therein as to render a voluntary conveyance thereof fraudulent as to his creditors. He could not, in law or good conscience, by the method adopted, deprive himself of all his property in this real estate without a consideration and thereby deprive his creditors of their just demands. The sons must have known, and undoubtedly did know, that in the purchase of the horses for which the indebtedness was incurred, and of which purchase they were the beneficiaries, and the conveyance of the ranch property to them, the senior Wolcott had rendered himself insolvent and unable to meet his liabilities, and that such transfers were in fact a fraud upon his creditors, who had sold him the horses relying on the faith of his ownership of the real estate in controversy. They have not, as is rightfully held in the former opinion they should do, established as the law requires them to do the *bona fides* of the transactions which are attacked by these proceedings. That opinion discusses the facts sufficiently, and the conclusions therein reached as to the defendants Reuben and George, in our opinion, are the only ones that can be justly arrived at, and should be adhered to.

The former decision is therefore modified to the extent of affirming the decree of the trial court as to the defendants

Walter Wolcott and Donzella Burke, *née* Wolcott; otherwise it is adhered to.

JUDGMENT ACCORDINGLY.