ELI H. COX, APPELLANT, V. C. C. ELLSWORTH ET AL., APPELLEES.

FILED DECEMBER 18, 1914.   No. 17,890.

1. **Bills and Notes:** PRINCIPAL AND SURETY: PAROL EVIDENCE. In an action by an alleged assignee of two promissory notes, in which it is averred that defendant signed as principal and plaintiff as surety, and each had paid one-half of the debt, the suit being for the recovery of the one-half paid by plaintiff, and defendant answered that they each had signed as surety under an oral agreement that if the notes were not otherwise paid each was to pay one-half, and each had so paid, oral proof of such agreement was properly admitted for the purpose of ascertaining the rights of the parties as between themselves.

2. **Trial:** VERDICT: PRESUMPTION. Where two persons were sued as defendants and the verdict was in favor of plaintiff and against one of the defendants, and silent as to the other, and is received by the court, without objections or question by the parties, and there is sufficient proof to justify a verdict in favor of such defendant, the judgment rendered on such verdict will not be reversed on that ground; the presumption being that the jury found in favor of the defendant not referred to in the verdict.

3. **Instructions** examined, and no prejudicial error found in them.

APPEAL from the district court for Adams county: HARRY S. DUNGAN, JUDGE. *Affirmed.*

*John C. Stevens,* for appellant.

*Tibbets, Morey & Fuller* and *J. E. Willits, contra.*

REESE, C. J.

This is an appeal from the district court for Adams county. Plaintiff, Eli H. Cox, brought suit against the defendants, C. C. Ellsworth and S. J. Boemer, and alleged in his petition that on the 28th day of June, 1907, the defendants made their two promissory notes to the Clark Implement Company in the sum of $708.50; that about the 1st day of December, 1907, the notes matured; that plaintiff signed said notes as surety at the request of defendants; that at their maturity the defendant Boemer paid one-half thereof, and agreed with plaintiff "to pay the other half as soon as he could;" that the notes were the joint notes of the defendants; that upon the maturity thereof plaintiff was compelled to pay the sum of $365, and took an assignment of said notes from the Clark Implement Company; that no part of said indebtedness had been paid; that said notes drew 6 per cent. interest from the dates thereof; and that there was due from defendants to plaintiff the sum of $365, and interest $93.99. Judgment was demanded for the sum of $458.99, with interest at the rate of 6 per cent. from the date of the petition, and for costs of suit.

Defendant Ellsworth answered by a general denial, and alleged that he was only a nominal party to the transaction; that the notes were given for a threshing outfit, with the express understanding that, if he failed to operate said threshing outfit, then and in that event, upon his return and surrender of the outfit, the transaction would be settled, and he would be relieved from all liability on said notes; that he had long since performed all on his part to be performed; that the consideration for said notes was satisfied and returned, and plaintiff had no cause of action against him; that he returned and duly surrendered said threshing outfit, and thereby satisfied and discharged his obligation on said notes, which are now and have been for the past several years paid and satisfied so far as he is concerned.

Defendant Boemer answered: (1) By a special appearance objecting to the jurisdiction of the court over

him, on the ground that he was not properly joined as a
defendant, there being no joint liability between him and
defendant Ellsworth to plaintiff on the averments of plain-
tiff's petition, he being a nonresident of Adams county,
and the only service of summons being had upon him was
in Nuckolls county, the place of his residence; (2) that,
without confessing the jurisdiction of the court over him,
he alleged that on June 21, 1907, he, as the local agent of
the Clark Implement Company at Lawrence, Nuckolls
county, took an order from C. C. Ellsworth for one com-
plete Russell & Company threshing rig, including engine,
separator and equipment, for the agreed price of $2,643;
that said Clark Implement Company refused to deliver
the property to Ellsworth without additional security on
the two notes on which this suit is brought, being the
first notes to mature, and it was agreed between plaintiff,
who represented said company, and this defendant that
they each would sign said notes with said Ellsworth as
sureties to said company, and on account thereof plain-
tiff and the answering defendant, on the 28th day of June,
1907, on the delivery of said property to said Ellsworth,
each signed said notes as sureties for said Ellsworth, one
note thereof being for $125, due September 1, 1907, and
one for $582.50, due December 1, 1907; that Ellsworth
failed to pay the notes, and plaintiff and defendant on the
18th day of November, 1907, each paid to said Clark Im-
plement Company the sum of $363.70, being the principal
and interest on said notes, defendant paying to plaintiff
the sum of $21.25, being one-half the commission on said
notes. Plaintiff replied to both answers by a general de-
nial.

A jury trial was had, which resulted in a verdict finding
for plaintiff and against defendant Ellsworth for the sum
of $461.54. There was no finding either in favor of or
against defendant Boemer. Plaintiff filed a motion for a
new trial, the grounds assigned being a defect in the ver-
dict, because there was no finding in favor of or against
Boemer; that the verdict was not sustained by sufficient
evidence; that the verdict was contrary to law; for errors

of law occurring upon the trial; for erroneous instructions
duly excepted to; and "because of conflicting instructions
given by the court to the jury." The motion was over-
ruled, judgment entered upon the verdict, and plaintiff ap-
peals.

The evidence was substantially in harmony with the
pleadings, each party testifying in support of the issues
presented by him. That the evidence was conflicting may
readily be surmised. The two notes described in the plead-
ings were signed by plaintiff and Boemer, as well as by
Ellsworth, the alleged purchaser of the "threshing out-
fit." The contract of purchase and all the other notes were
signed by Ellsworth and Boemer. Plaintiff claims that
Ellsworth and Boemer were principals in the purchase,
and that he signed the first two notes as surety for both
the others, and that, having to pay one-half the amount due
thereon, he was entitled to recover that amount from both
the others. Boemer claims that he was only a cosurety
with plaintiff on the two notes, and, having paid one-half
the amount due, and plaintiff the other half, there was no
further contribution required from him. Ellsworth seemed
to think that he was only a nominal party to the purchase
of the thresher, and that by returning it after using it for
a time all obligation on his part terminated.

From the verdict it appears that Boemer's contention,
as to his relation to the two notes, was found in his favor,
viz., that he signed the two notes as surety, and as between
himself and plaintiff he had paid all he was liable for, and
therefore his name does not occur therein. It goes without
saying that the court should not have received the ver-
dict without correction; but it was received without ob-
jection from counsel, and we must presume that it was
satisfactory to all concerned. We do not see that plaintiff
is in any condition to complain. The verdict was a suffi-
cient finding that plaintiff was entitled to a judgment
against Ellsworth for the amount which he had paid. Had
plaintiff desired a finding as to Boemer, he could have
had it by objecting to the form of the verdict.

Cox v. Ellsworth.

The court instructed the jury that, if they found from the evidence that, as to the two notes, plaintiff and Boemer agreed as between themselves to assume, each, equal liability, and that each paid one-half of the notes, their verdict should be in favor of defendant Boemer. There was evidence sufficient to justify such an instruction. The court also instructed the jury to return a verdict in favor of plaintiff and against Ellsworth for whatever plaintiff "may have paid as surety on the notes in question, if from the evidence you find that he signed them as surety." These instructions are both criticised as erroneous, on the ground that Ellsworth's contention was that he had nothing to do with the purchasing of the threshing outfit; but we are unable to see the force of the contention, when applied to the relations between plaintiff and Boemer. Whether Ellsworth was the principal on the notes or not, if, as between themselves, plaintiff and Boemer had signed as sureties and under the agreement had fully executed and carried out their plans, each paying one-half, that would end the matter as between them. We can see no objection to the instructions, which could prejudice plaintiff.

This question is propounded by plaintiff: "Did the court err in permitting oral testimony in evidence in relation to the capacity in which Boemer signed the contract and notes?" As between plaintiff and Boemer, we think not. We must remember that the contest in this case is not between the makers and the payee of the notes. So far as the payee is concerned, the notes were paid. The implement company had no further demands. The contest was between the two who had paid the notes in question. Oral proof of the agreement as between themselves was, we think, properly admitted and submitted to the jury.

We are unable to detect any prejudicial error in the judgment which was not waived.

The judgment of the district court is therefore

AFFIRMED.

BARNES, FAWCETT and HAMER, JJ., not sitting.