Argued June 7, affirmed June 26, rehearing denied September 19, supplemental opinion filed October 16, 1917.

# BENSON v. JOHNSON.*

(165 Pac. 1001; 167 Pac. 1014.)

### Property—Evidence of Title—Presumption—Statute.

1. The legal probabilities regarding ownership of personal property established by Section 799, L. O. L., are not conclusive presumptions although they are sufficient to support a *prima facie* case.

### Partnership—Assumed Name—Failure to Comply With Statute—Waiver of Defect.

2. The registration requirements of Laws of 1913, page 270, to be complied with by persons doing business under assumed names before bringing suit, will be waived by failure to object to bringing of the action by answer or demurrer; Section 68, L. O. L., providing that a demurrer lies when a pleading attacked shows on its face that plaintiff has not legal capacity to sue, and Section 71, providing that when such defects do not appear from the fact of the complaint the objection may be taken by answer, in view of Section 72, providing that if such objection be not taken by demurrer or answer it will be deemed to have been waived, excepting only objections to jurisdiction, and that complaint does not state facts sufficient to constitute a cause of action.

### Fraudulent Conveyances—Necessity of Pleading—Bulk Sales Law.

3. The Bulk Sales Law (L. O. L. §§ 6069–6072), as amended by Laws of 1913, page 537, must be pleaded by the creditor who would avail himself of it, since it merely attaches to vendor's conduct a conclusive presumption that the transfer is fraudulent as to any and all creditors of vendor, and gives them a right which they may assert or ignore, and the law has the effect of creating a statutory fraud, necessary to be pleaded.

[As to construction of statutory provision that sale of goods in bulk shall be presumed to be fraudulent, see note in **Ann. Cas.** 1913C, 1214.]

### Fraud—Presumption.

4. Fraud is never presumed, but must be pleaded and proved.

### Fraudulent Conveyances—Bulk Sales Law—Effect.

5. Failure to comply with the Bulk Sales Law as amended does not affect validity of the transfer as between the parties, but only as against creditors.

*On statutory requirements on sale of stock of goods in bulk, see note in 2 L. R. A. (N. S.) 331.

On effect of failure to allege and prove filing of claims by creditors and insufficiency of assets in action by trustee in bankruptcy to recover assets of estate or to set aside preference, or recover property fraudulently transferred by bankrupt, see note in 17 L. R. A. (N. S.) 350.      REPORTER.

Witnesses—Cross-examination—Matter not Covered by Direct Examination—Bulk Sales Law.

6. Where a witness testified only to a sale between himself and plaintiff's bankrupt, he could not be cross-examined as to compliance with the Bulk Sales Law as amended, in view of Section 860, L. O. L., confining cross-examination to matters stated in direct examination, since noncompliance therewith did not affect the transfer as between the parties the "orthodox rule," extending cross-examination to every issue in the case, not being in force in this state; but such cross-examination could include all elements going to make up the transaction as between the parties, such as circumstances of sale, payment of consideration, time and place.

Fraudulent Conveyances—Pleading—Issues and Proof—Bulk Sales Law.

7. Where compliance with the Bulk Sales Law as amended was not pleaded, it could not be proved by cross-examination of the defendant.

Bankruptcy—Action by Trustee—Necessity of Pleading Preference.

8. A bankrupt's trustee, claiming that acts of bankrupt and another constituted a preference, must plead such preference.

### SUPPLEMENTAL OPINION.

Trial—Instructions—Conformity to Issues.

9. An instruction embodying the provisions of Section 799, subdivision 40, L. O. L., that every sale of personal property capable of immediate delivery and every assignment thereof, unless accompanied by immediate delivery and followed by actual and continued change of possession, creates a presumption of fraud as against creditors or subsequent purchasers, was properly refused, where the issue of fraud was not raised by the pleadings.

From Douglas: GEORGE F. SKEPWORTH, Judge.

Department 1.    Statement by MR. JUSTICE BURNETT.

The plaintiff as trustee in bankruptcy of C. F. Smith and Dee Howard, both as individuals and as partners under the firm name of "The Roseburg Garage," brought this action in replevin in the ordinary form to recover the possession of certain personal property said to have been owned by Smith prior to plaintiff's election as trustee.

The answer admits the official character of the plaintiff and his demands for the custody of the chattels, but otherwise denies the complaint. The defendant alleges that he himself is the owner of all the

effects in dispute with two minor exceptions which were laid out of the case by stipulation. He claims that the property was taken from him by virtue of the plaintiff's writ, and demands its restoration.

The allegation of the defendant's ownership is denied by the reply, which final pleading contains no allegation of new matter. A jury trial resulted in a verdict for the defendant and from the ensuing judgment the plaintiff appeals.     AFFIRMED.

For appellant there was a brief and an oral argument by *Mr. Benjamin L. Eddy.*

For respondent there was a brief with oral arguments by *Mr. Albert Abraham* and *Mr. Oliver P. Coshow.*

MR. JUSTICE BURNETT delivered the opinion of the court.

1. A minor exception will be first determined. It is to the effect that the court erred in refusing to instruct the jury in substance that it is presumed that things in the possession of a person are owned by him; that a person is the owner of property upon exercising actual ownership over it, and that until these presumptions are overcome by other evidence the jury is to accept them as binding so far as they apply to the facts of the case. It is true that Section 799, L. O. L., gives these in the list of disputable presumptions. The requests of the plaintiff to instruct the jury about them would have been proper, except for the fact that he sought to make them binding and conclusive. Such legal probabilities are sufficient to support a *prima facie* case but the qualification appended would impart to them a quality not men-

tioned in the statute. For that reason the court was not in error for refusing the direction as propounded.

2. It is contended by the plaintiff that the testimony was to the effect that Howard and Smith were doing business as partners under an assumed name of "The Roseburg Garage" and that Smith as an individual was trading under the assumed name of "Duffy Auto Company," all without having registered the same as provided by Chapter 154 of the Laws of 1913, p. 270. This statute requires such business names to be certified to the county clerk of every county in which the traffic is to be conducted. After making certain declarations about procedure and to whom the act shall apply, it is said in Section 5:

"No person or persons carrying on, conducting or transacting business as aforesaid, or having any interest therein, shall hereafter be entitled to maintain any suit or action in any of the courts of this state without alleging and proving that such person or persons have filed a certificate as provided for in section 1 and failure to file such certificate shall be *prima facie* evidence of fraud in securing credit."

The plaintiff claims that Smith alone constituted the Duffy Auto Company; that he transferred the property in question to the defendant who continued under the same name, both without conforming to the statute mentioned. This enactment was construed in *Beamish* v. *Noon,* 76 Or. 415 (149 Pac. 522). The substance of that decision was that the statute merely disqualified the party from bringing an action and that the defect was waived by failing to answer or demur in case it appeared upon the face of the pleadings. A demurrer lies when the pleading attacked shows on its face, among other things, that the plaintiff has not legal capacity to sue: Section 68, L. O. L.

By Section 71, L. O. L., we find that when any of the matters enumerated in Section 68 do not appear upon the face of the complaint, the objection may be taken by answer, and Section 72 reads:

"If no objection be taken either by demurrer or answer, the defendant shall be deemed to have waived the same, excepting only the objection to the jurisdiction of the court, and the objection that the complaint does not state facts sufficient to constitute a cause of action."

In alleging the property to be his own and demanding its redelivery, the defendant practically instituted a cross-complaint in replevin. If, on account of having acquired the title from one acting under an unregistered, assumed business name, or on account of his own like conduct he was disqualified to maintain the action, his adversary should have pleaded it either by demurrer or reply. Not having done so he has waived the same and cannot now urge it.

3, 4. The plaintiff maintains also that in making the alleged sale to the defendant, Smith violated what is known as the Bulk Sales Law, which in its amended form is found in Chapter 281, p. 537, Laws of 1913. The substance of the charge in this respect is that Smith transferred practically all his property in trade to the defendant without making a sworn statement of the names and addresses of his creditors, together with the amounts of indebtedness due to each of them, and that on the other hand the defendant here did not notify such creditors of his intention to buy. The act merely attaches to such conduct a conclusive presumption that the purchase, sale or transfer is fraudulent and void as to any and all creditors of the vendor. The effect of this law is to create a statutory fraud. Upon such a deceit the plaintiff

essays to rely before us and contends that the court was in error in refusing to instruct the jury on the subject or to allow evidence that the sale was in violation of the statute. The pleadings, however, are utterly silent on this subject. It is said in 20 Cyc. 734:

"Where fraud is an essential ingredient of the cause of action or defense it must be pleaded and proved. It is never presumed."

To the same purport are *Walker* v. *Goldsmith,* 14 Or. 123 (12 Pac. 537) ; *Leasure* v. *Forquer,* 27 Or. 334 (41 Pac. 665), and *Leavengood* v. *McGee,* 50 Or. 233 (91 Pac. 453). The fraud of defendant and his vendor, although of statutory origin, constitutes a ground of defense on the part of the plaintiff against the defendant's assertion of title. The legislation cited vests in creditors a right which when acting for themselves they are at liberty either to assert or ignore. If the trustee as their representative would avail himself of it he must plead it.

The contention of the plaintiff on this subject is presented in another form. The defendant as a witness on his own behalf testified about having advanced money to Smith, only part of which had been repaid, and to making an arrangement about August 28, 1915, whereby in consideration of that indebtedness and an additional sum of money then paid to him Smith transferred the property in question to the defendant. The plaintiff sought to develop on cross-examination of the defendant all he claims with respect to the violation of the Bulk Sales Law and the statute against doing business under an unregistered assumed name. In Section 860, L. O. L., it is said:

"The adverse party may cross-examine the witness as to any matter stated in his direct examination, or

connected therewith, and in so doing, may put leading questions; but if he examine him as to other matters, such examination is to be subject to the same rules as a direct examination.''

5–8. The subject of Johnson's testimony was a sale consummated between himself and Smith wherein the latter was the vendor and the witness himself the vendee. It was manifestly good as between themselves. The Bulk Sales Law only creates a conclusive presumption that such a sale is void as against creditors. It is clear that even then it is void only at the option of such creditors. Having testified only to a sale between himself and Smith, the witness could be cross-examined as to all the elements going to make up such a transaction. The circumstances of the sale, the payment of consideration, the time when and the place where, might be developed on cross-examination because these are essential elements of and necessarily connected with what the witness asserted was a sale. Whether or not the same was void as to other persons at their election is an entirely different matter and is not a subject of cross-examination. *Ah Doon* v. *Smith,* 25 Or. 89 (34 Pac. 1093), cited by the plaintiff was where the plaintiff testified on his own behalf to the bald fact that he had loaned the defendant the amount mentioned in the complaint. Called upon in cross-examination for time, place, and circumstances, he disclosed that it was money which he had let the defendant have in the course of gambling with each other and which he had won again in that very game. On the ground of public policy and not to enforce any right of the defendant the court dismissed the action *sua sponte,* leaving the parties where it found them. There the moving party sought to affirm an unlawful transaction. Here if the actor

in the litigation would disaffirm a convention valid as between the immediate participants, but which is void only at the option of those he represents, he should present averments adapted to that purpose. The case just noted is not apropos here.

The plaintiff is endeavoring to apply to the cross-examination what is styled in the note to *St. Louis etc. Ry. Co.* v. *Raines,* 17 Ann. Cas. 1, as the "Orthodox Rule." By that so-called precept

"when a party produces a witness who is sworn and examined, the opposing party is not confined in his cross-examination to the matters upon which the witness is examined in chief, but may extend the cross-examination to every issue in the case."

On the contrary, as stated in the same note,

"according to the weight of authority in the United States, the cross-examination of a witness is limited to an inquiry into the facts and circumstances connected with the matters brought out on the direct examination of the witness."

Section 860, L. O. L., is a statutory declaration of the American rule and in our judgment was properly applied by the Circuit Court. Reduced to its lowest terms, the contention of the plaintiff is that without pleading a defense to the defendant's claim it may be proved by cross-examination of the defendant. The testimony sought to be adduced to establish the statutory fraud created by the Bulk Sales Law was irrelevant because there was no pleading to support it. The same may be said of the contentions of the plaintiff about the acts of Smith and Johnson constituting a preference within the meaning of the bankruptcy law. The rule is thus laid down in 2 Loveland on Bankruptcy, Section 545.

"In a suit to recover a preference the trustee should allege and prove the filing of the petition in bankruptcy, the adjudication and his appointment and qualification as trustee of the estate of the bankrupt. * * He should also allege and prove all the statutory elements constituting a preference, and that the person receiving it, or his agent, had a reasonable cause to believe that it was in effect a preference. * * If the trustee fails to allege any one of these elements, his bill, declaration or petition is bad on demurrer."

Various assignments of error are pressed upon our attention, but fairly considered, they all urge upon us a question which should have been pleaded but was not. The judgment of the Circuit Court is affirmed.

AFFIRMED. REHEARING DENIED.

Mr. CHIEF JUSTICE McBRIDE, Mr. JUSTICE BENSON and Mr. JUSTICE HARRIS concur.

———————

Filed October 16, 1917.

SUPPLEMENTAL OPINION.

(167 Pac. 1014.)

Department 1. Mr. JUSTICE BURNETT delivered the opinion of the court.

9. Subdivision 40 of Section 799, L. O. L., is in these words:

"Every sale of personal property, capable of immediate delivery to the purchaser, and every assignment of such property, by way of mortgage or security, or upon any condition whatever, unless the same be accompanied by an immediate delivery, and be followed by an actual and continued change of possession, creates a presumption of fraud as against the creditors of the seller or assignor, during his possession, or as

against subsequent purchasers in good faith and for a valuable consideration, disputable only by making it appear on the part of the person claiming under such sale or assignment that the same was made in good faith, for a sufficient consideration, and without intent to defraud such creditors or purchasers; but the presumption herein specified does not exist in the case of a mortgage duly filed or recorded as provided by law.''

Among others, it was assigned as error that the trial court refused to give an instruction to the jury embodying this excerpt from the code. The principal effort of the former opinion was to enunciate the doctrine that he who would attack for fraud a transaction valid as between the immediate parties to it, must allege and prove the deceit upon which he relies; and that not having put in such a plea, the plaintiff must fail in his assault upon the title of the defendant along that line. All that was said in our former opinion relating to the requested charge now under consideration was in the last paragraph which grouped all the assignments of error, not otherwise treated in detail, and dismissed them as urging upon us matter which should have been but was not pleaded. This is sufficiently amplified in this supplemental opinion by the statement that the only application possible to be made of the desired instruction would be to an issue of fraud which as already stated is not raised by the pleadings. It would have directed the jury into the investigation of an abstract question foreign to the case and for that reason would have been erroneous.

MR. CHIEF JUSTICE MCBRIDE, MR. JUSTICE BENSON and MR. JUSTICE HARRIS, concur.