Argued March 18, affirmed April 1, costs retaxed April 29, 1924.

# CLARA ANDERSON ET AL. *v.* GEORGE PALMER
## ET AL.

(224 Pac. 629.)

**Fraud—Party Alleging Fraud must Prove It.**

1. A person alleging fraud must prove it, because fraud is never presumed.

**Fraud—Burden of Proof When Accused Sustains Fiduciary Relation.**

2. Where a party accused of fraud sustains a fiduciary relation to the defrauded party and the latter makes a prima facie case, the burden of proof shifts to the accused party; but in all cases the party charging fraud must adduce sufficient evidence either to prove fraud or a strong suspicion of it.

**Fraud—Burden of Proving Fraud.**

3. Where a fiduciary relation exists between a party accused of fraud and the defrauded party, it is sufficient for the person charging fraud to prove the fiduciary relation and that the other party has obtained some advantage as a result of that relation, in which case the burden of proof shifts to the person charged with fraud to show by a preponderance of the evidence that his conduct has been free from fraud and that he has taken no advantage of the other party; but in all other cases the person alleging fraud must prove it by a clear preponderance of the evidence.

**Executors and Administrators—Evidence Held Insufficient to Justify Vacation of Decree Approving Final Account of Administrator.**

4. In a suit to set aside a decree approving the final account of administrator based on the allegation that the administrator was indebted to deceased on promissory notes, but that he did not administer upon the notes nor list them as property of the estate, evidence *held* insufficient to show such indebtedness.

**Evidence—Duty of Producing Material Evidence Rests on Party Controlling It.**

5. The duty of producing material evidence rests on the party having control of it.

**Courts—County Courts in Probate Matters Entitled to Presumptions in Favor of Courts of General Jurisdiction.**

6. County Courts in probate matters are courts of general jurisdiction, and are entitled to all the presumptions as such.

2. Burden of proof as to fraud, see notes in 1 Ann. Cas. 809; Ann. Cas. 1912A, 711.

Equity—Aids Only the Vigilant.

7. Equity aids the vigilant, not those who sleep on their rights.

Guardian and Ward—Evidence Held Insufficient to Vacate Decree Approving Final Account of Guardian.

8. In a suit to set aside for fraud a decree approving final account of guardian, based on the claim that defendant had possession of money belonging to the ward prior to his appointment and that he had not accounted therefor either as guardian or executor of his ward, evidence *held* insufficient to warrant vacation, the mere fact that defendant was in possession of money of his ward two years before his appointment not being sufficient to overcome the presumption in favor of the correctness of the decree.

From Marion: GEORGE G. BINGHAM, Judge.

Department 1.

This is a suit instituted for the purpose of setting aside two decrees of the County Court. The first of these decrees is the decree approving the final account of the defendant, George Palmer, as administrator of the estate of his uncle John Slough, deceased. The other is the decree approving the account of the said defendant, George Palmer, as guardian of his uncle Henry Slough. Both decrees are attacked on the ground of fraud. The ground of fraud alleged for setting aside the decree in the estate of John Slough, deceased, is based solely upon the allegation that at the time that the said John Slough died, the defendant, George Palmer, was indebted to him in the sum of $4,500 or thereabouts, represented by three promissory notes; that the said George Palmer did not administer upon said notes nor list them as property of the estate. The ground for attack on the decree in the guardianship of Henry Slough, an incompetent, is that the said defendant, George Palmer, had in his possession large sums of money belonging to Henry Slough prior to the time the said Palmer was appointed guardian, and that he had not accounted for said sums of money either as

guardian or executor of the said last will and testament of said Henry Slough, deceased. The sums of money with which the defendant, George Palmer, is charged with having in his possession as belonging to the estate of Henry Slough, deceased, consisted of the proceeds of one half of the partnership between said John Slough, deceased, and Henry Slough, and the amount inherited from the said John Slough by the said Henry Slough. These amounts, according to the contention of the plaintiffs, aggregate $7,173.25.

The original complaint was filed November 14, 1916, and an amended complaint was filed on or about December 10, 1918. The answer was filed to the amended complaint on July 15, 1919. On June 9, 1920, plaintiffs filed their reply. The taking of testimony was concluded in May, 1921, and a decree rendered dismissing plaintiffs' complaint and awarding costs to the defendants. From this decree an appeal was seasonably taken to this court.

AFFIRMED.   COSTS RETAXED.

For appellants there was a brief over the names of *Mr. C. M. Inman* and *Mr. M. E. Pogue,* with an oral argument by *Mr. Inman.*

For respondents there was a brief over the name of *Messrs. Smith & Shields,* with an oral argument by *Mr. Guy O. Smith.*

COSHOW, J.—1, 2. It is elementary law that the person alleging fraud must prove the allegation. Fraud is never presumed. In cases where the party accused of fraudulent conduct sustains a fiduciary relation to the party defrauded and the latter makes a *prima facie* case, the burden of proof shifts to the

former, but in all cases the party charging fraud must adduce sufficient evidence either to prove fraud or a strong suspicion of fraud: *Sabin* v. *Kyniston,* 81 Or. 358 (159 Pac. 69); *Benson* v. *Johnson,* 85 Or. 677, 682 (165 Pac. 1001, 167 Pac. 1014).

3. In all of the cases relied upon by the appellants, placing the burden of proof upon the person charged with defrauding the other, a *prima facie* case has first been made by the person charging fraud. The difference between cases, where the fiduciary relation exists and where it does not, may be stated thus: In the former it is sufficient for the person charging fraud to prove the fiduciary relation and that the other party has obtained some advantage as a result of that relation. Thereupon the burden of proof shifts to the person charged with fraud and. the law requires him to show, by a preponderance of the evidence, that his conduct has been free from fraud, and that he has taken no advantage of the other party: *Johnson* v. *Savage,* 50 Or. 294, 296 (91 Pac. 1082); *Phipps* v. *Willis,* 53 Or. 190 (96 Pac. 866, 99 Pac. 935, 18 Ann. Cas. 119); *Porter* v. *O'Donovan,* 65 Or. 1, 9 (130 Pac. 393). In other cases of fraud the person charging fraud must always prove it by a clear preponderance of the evidence.

4. So far as the charge in the complaint that the defendant, George Palmer, was indebted to the estate of John Slough, deceased, is concerned, there is not sufficient evidence in the record to raise even a suspicion of fraud in an unbiased mind. Plaintiffs introduce no witness who could or would testify that the defendant, George Palmer, was so indebted. Plaintiffs called the defendant, George Palmer, himself, who testified positively that he did not owe his uncle John Slough anything at the time of the latter's death. The plaintiffs called only one other

witness, who was the former wife of the said defend-
ant, George Palmer. She did not testify that George
Palmer owed his uncle John Slough any money at
the time of his death. She did testify that at least
two notes had been given to John Slough by the
defendant, George Palmer, and herself, and that one
of those notes was not due at the time of the death
of John Slough. She would not testify that more
than two had been given. The defendants met this
testimony by the testimony, not only of the defendant,
George Palmer, but by the defendants Henry Palmer
and Mrs. Way, all of whom testified positively that
the only note produced by the plaintiffs was paid to
his uncle John Slough in person by Ann Palmer,
his mother, in their presence. The said Ann Palmer
was also a maker of the note, and that note was
afterward paid to her by George Palmer. The plain-
tiffs have utterly failed to produce any evidence that
the said George Palmer was indebted to his uncle
John Slough in any amount at the time of his death.

5-8. The record discloses that there came into the
possession of the defendant, George Palmer, as ad-
ministrator of the estate of John Slough, deceased, an
aggregate sum of about $7,173.25 belonging to Henry
Slough. One half of the property listed as the per-
sonal property of the John Slough estate, to wit,
$4,303.95, belonged to Henry Slough. It was estab-
lished before the closing of the said estate of John
Slough, deceased, that he and his brother the said
Henry Slough were equal partners. The record does
not disclose when that property was delivered
to Henry Slough. The record does show that it was
in the possession of the defendant, George Palmer,
as administrator. In addition to that sum the said
Henry Slough was entitled to one third of the per-

sonal property belonging to the estate of John Slough, deceased, amounting to $1,434.65, and the same sum as the successor in interest of the children of William Slough, a deceased brother of the said John Slough, deceased, making a total of $2,869.30, or a grand total of $7,173.25. The record does not satisfactorily account for all of this property. Receipts in detail should have been taken and filed. The plaintiffs, however, have not made a case sufficient to satisfy us that the defendant, George Palmer, was responsible therefor. While the estate of John Slough, deceased, was in process of settlement a suit was instituted by Henry Slough for the purpose of declaring the partnership between himself and his deceased brother John Slough and for partition of the partnership property. In this suit Henry Slough was represented by a reliable and trustworthy attorney. This attorney was upon the witness-stand. It was several years after the events had occurred and he could not remember all the details, but he did state positively that at the time everything was settled to the entire satisfaction of everybody. The responsibility of the defendant, George Palmer, is claimed by the plaintiffs because of an allegation in the petition sworn to by the defendant, George Palmer, for his appointment as guardian to his uncle the said Henry Slough, deceased. This petition contains the statement that during the lifetime of John Slough he, the said John Slough, looked after the business affairs of his brother Henry Slough. That since his death, which occurred in 1909, the petitioner, the defendant, George Palmer, had looked after the business affairs of his uncle Henry Slough. This petition was filed in 1914. The partnership suit was commenced on the twenty-ninth day of July, 1911,

and concluded by a decree February 28, 1912, more than two years prior to the time the defendant Palmer was appointed guardian of the said Henry Slough. The final account of the defendant, George Palmer, administrator of the estate of John Slough, deceased, was filed and approved in 1912. In the meantime, Henry Slough, through his attorney, had purchased the interest of the seven children of his deceased brother, William Slough, paying each of them $550, making an aggregate payment of $3,850. The only money reported by George Palmer as guardian of the said Henry Slough was $175. The difference is not accounted for other than by the testimony of the defendant, George Palmer, Walter Spaulding, attorney for Henry Slough, to the effect that it was all paid and satisfactorily settled, and the receipt hereinafter set out. While it is true that the evidence indicates that Henry Slough was not competent to transact business, it is also equally true that he did transact business for himself and continued to do so by employing his own attorney. There is no evidence other than that recited above that places any responsibility upon the defendant, George Palmer, between December, 1909, when John Slough died and 1914 when George Palmer was appointed guardian of the said Henry Slough. The defendant, George Palmer, states that in addition to the money that was advanced to him for purchasing the interest of the children by the said Henry Slough in the John Slough estate, he furnished to his uncle Henry Slough money from time to time and delivered to him all the money belonging to him from the John Slough estate. Just before his appointment as guardian, he took a receipt from his uncle Henry Slough in the following form:

"Salem, Oregon, Feb. 11, 1914.
"Received of George Palmer, Adm., all moneys due me —— Dollars, from the estate of John Slough. This does not include the special trust fund, $——.
"HENRY SLOUGH."

The duty of producing material evidence rests upon the party having control of it: *Mendenhall* v. *Elwert*, 36 Or. 375, 376 (52 Pac. 22, 59 Pac. 805). The plaintiffs contend that the defendant George Palmer was the only person who could testify fully about the disposition of the money that was in his hands and belonging to Henry Slough at the time the final account was allowed in the estate of John Slough, deceased, in 1912. The plaintiffs made George Palmer a witness and he explained as fully as he said he could. The plaintiffs asked him for checks and receipts and he answered that he thought he could produce them or some of them if given plenty of time. His attorney at the time said that they would produce all the checks and receipts they had. Upon this appeal the plaintiffs complain that those receipts and checks were never produced. This request was made at the time the deposition of the said George Palmer was taken before the honorable judge of the Circuit Court, April 21, 1919. The parties did not close their taking of testimony until May 20, 1921. Nothing further is said about the receipts or the checks in the record. No reason is assigned why they were not produced, or why the plaintiffs did not insist on their production before closing the case in the Circuit Court. The defendant, George Palmer, rendered his account to the County Court having jurisdiction of the guardianship, and his report was approved. County Courts in probate matters are courts of general jurisdiction and entitled to all the presumptions as such: *Stadel-*

*man* v. *Miner,* 83 Or. 348 (155 Pac. 708, 163 Pac. 585, 163 Pac. 983) ; *Laurey* v. *Sterling,* 41 Or. 518, 527 (69 Pac. 460).

The mere fact that the defendant, George Palmer, was in possession of the money in 1912 belonging to Henry Slough is not sufficient evidence to overcome the presumption in favor of the correctness of the decree of the County Court approving the report of the said George Palmer as guardian of the said Henry Slough. This presumption is supported by the positive testimony of said George Palmer that he had paid all of said money either to Henry Slough, or out for him, before said Henry Slough was placed under guardianship. It is further supported by the reputable attorney representing said Henry Slough during that time.

We do not consider that the defendant, George Palmer, is discredited by reason of being appointed administrator of his deceased father's estate, of his deceased uncle John Slough's estate, of his deceased mother Ann Palmer's estate, as guardian of his uncle Henry Slough, and then executor of the last will and testament of said Henry Slough. We rather consider that these appointments of responsibility and trust where he is well known extending over a period of more than ten years indicate that he is a man worthy of confidence. He has not been disputed in any matter in the record.

The record discloses that a proceeding was instituted in 1914, within a few months after the defendant, George Palmer, was appointed guardian of his uncle Henry Slough, to remove him from that position of trust. This proceeding was dismissed upon the petition of Henry Slough himself. The County Court in which the proceeding was pending

thus recognized the ward to have sufficient intelligence to represent himself in a large degree. Another proceeding was instituted to revoke the letters of administration issued to said George Palmer, as administrator of his mother, Ann Palmer's estate. This proceeding was also dismissed upon stipulation of the interested parties. The delay in instituting and prosecuting the instant suit cannot be overlooked. Time has effaced the details of the transactions from the memory of those conversant therewith. In the absence of any explanation plaintiffs are not entitled to the consideration they would have received if they had been diligent in instituting and prosecuting this suit for an accounting. Equity aids the vigilant, not those who sleep on their rights.

The attorney for Henry Slough testified in this suit that the correspondence between him and the children of William Slough, deceased, referred to above was either in his office or in the office of McNary & McNary. This correspondence was as accessible to the plaintiffs as to the defendants. The defendant, George Palmer, did not have control of it. So far as we are able to discover by the record, the defendant, George Palmer, displayed no disposition to conceal or hide anything from the plaintiffs. A long time has transpired since the events occurred, which prevented him or the other witnesses from being sure or accurate concerning the details. We are satisfied from the record that the decree of the honorable Circuit Court is correct. For that reason we affirm the decree.    AFFIRMED.    COSTS RETAXED.

McBRIDE, C. J., and BEAN and RAND, JJ., concur.