REVERSED AND DISMISSED.

DAN WILSON ET AL., APPELLANTS, V. CLARENCE A. GERHARD ET AL., APPELLEES.

FILED DECEMBER 11, 1936: No. 29586.

*Sterling F. Mutz, G. Porter Putnam, Jr.,* and *Robert S. Stauffer,* for appellants.

*W. G. Kieck, contra.*

Heard before GOOD, PAINE and CARTER, JJ., and CLEMENTS and THOMSEN, District Judges.

THOMSEN, District Judge.

This is an action to declare void a chattel mortgage on personal property and for the sale of the property to satisfy a judgment obtained by plaintiffs before the giving of the mortgage. The mortgage was given by Clarence A. Gerhard to his brother, Edward, to secure the latter for obligations amounting to approximately $3,600. The indebtedness between the brothers seems well established by the evidence. The trial court held the chattel mortgage to be a valid one.

Plaintiff's complaint is directed primarily to the trial court's limiting cross-examination in certain particulars. In transactions between close relatives, presumptively fraudulent, a wide latitude of cross-examination should be permitted. The burden of proof rests upon defendants to establish the *bona fides* of the transaction. *Melick v. Varney,* 41 Neb. 105, 59 N. W. 521; *Ayers v. Wolcott,* 66 Neb. 712, 92 N. W. 1036; *Blanchard v. McMillan,* 113 Neb. 275, 202 N. W. 878. Thus a searching inquiry to determine these *bona fides* is desirable.

The court sustained objections particularly to cross-examination as to other business transactions between the brothers and as to the delivery during the past few months of any live stock by Clarence to Edward. Either subject, if permitted to have been pursued, might have shown that no indebtedness now existed, or that the actual indebtedness was far less than the secured nonexempt property. The restriction on cross-examination, under the conditions, was prejudicially erroneous.

The court permitted defendants to show that the origin of the indebtedness between them grew out of a suretyship for money borrowed from others from which Edward did not benefit, but which debts he was required to pay. The plaintiffs contend that such testimony varied the terms of a written instrument, in that Edward apparently appeared as maker on the notes evidencing the indebtedness. The answer is that this proceeding is not between the parties to the notes nor those claiming through such parties. Plaintiffs are not attempting to enforce or defeat the notes. The proceeding is a collateral one and the testimony is merely incidental to a determination of the origin of the indebtedness between the brothers. The testimony was properly admitted. *Cox v. Ellsworth,* 97 Neb. 392, 150 N. W. 197. See 2 Williston, Contracts, secs. 644, 647; Ann. 65 A. L. R. 822.

For the error in limiting the cross-examination, the judgment is reversed and the cause remanded.

REVERSED.