[No. 7,718.—Department One.]

## JAMES McCORD et al. v. H. W. SEALE.

Title of Complaint—Action by Partners—Variance.—In the title of a complaint, the names of the plaintiffs appeared without being described as partners, but in the body of the complaint it was averred that they were such; and on the trial a partnership contract was proven, and it was objected and proven that the plaintiffs had not filed or published the certificate required by § 2466, Civil Code. *Held*—the plaintiffs claiming that the action was brought by them in their individual capacities, and that the allegation of partnership was surplusage—that the Court was inclined to agree with them, but that proof of a partnership contract could not sustain that theory of the complaint.

Appeal from a judgment for plaintiffs, and from an order denying a new trial, in the Twentieth District Court, County of Santa Clara. Belden, J.

The facts are stated in the opinion.

*McKisick & Rankin*, for Appellant.

The certificate required by § 2466, Civil Code, was not filed or published by the plaintiffs; and § 2468, Civil Code, provides that persons doing business contrary to the provisions of the former section, " shall not maintain an action upon · or on account of any contract," etc. The District Court decided the question adversely to us; but we submit, that the partnership name " McCord & Malone " does not show *in full* the names of all the members of such partnership. By law, every person has two names. (*Frank* v. *Levie*, 5 Robt. N. Y. 599.) " It is repugnant to the rules of the Christian religion that there should be a Christian without a name of baptism." (4 Bacon's Abr. 752; 2 Bouvier L. D. 197.)

*D. M. Delmas*, for Respondents.

As appears by the complaint, the plaintiffs sue in their individual capacity, and the allegation of partnership is surplusage. Section 2466, Civil Code, therefore, does not apply. Again : the name " McCord & Malone " sufficiently shows the names of the persons interested as partners within the meaning of the statute.

McKee, J. :

This was an action to recover the sum of $1,500, the price of a brown mare alleged to have been sold and delivered by the plaintiffs to the defendant, and for which the defendant promised to pay on demand; but on demand being made, he refused, and hence the action.

In the title of the action, the plaintiffs sue in their individual capacities, and in the body of the complaint it is averred that they are co-partners, so that it is uncertain in what capacity the plaintiffs intended to sue, or whether the cause of action stated in their complaint is on an individual or on a partnership contract. This uncertainty pervaded the trial of the issues made by the pleadings, and culminated in a substantial variance between the proofs and the allegations of the complaint.

The answer contained a general denial, and a separate defense of a partnership existing between the plaintiffs under the firm name of McCord & Malone, at the time of the alleged transaction between them and the defendant; and it is averred that they had not, as partners, filed with the county clerk of the county in which was their principal place of business, any certificate of their partnership, stating the names in full of any of its members, or their places of residence, nor had they published such a certificate in any newspaper, as required by § 2466 of the Civil Code.

On the trial of these issues, one of the plaintiffs testified, in substance, "that during the year 1872, and from thence to the present time, he was and has been engaged in the livery-stable business in San Francisco, and in buying and selling horses in company with his co-plaintiff, Frank Malone. That said co-partnership has, during all of the said time, been conducted under the firm name of McCord & Malone. That *in the month of April*, 1875, *witness, for and on account of said co-partnership, delivered to defendant the mare described in the complaint, for the purpose of being tried by defendant*, and to be purchased by him if, after trial, he so desired. That on the 18th day of May, 1875, defendant agreed to and did buy said mare, and agreed to pay therefor the sum of $1,540, and said defendant was thereupon charged said sum therefor in the books of the firm."

This was the only evidence offered in support of the allegations of the complaint, except that several witnesses testified to some admissions which were made by the defendant, but which did not tend to modify or change the nature or character of the contract proved by the testimony of the plaintiffs.

Now, it is claimed by counsel for the plaintiffs, that the allegation in the complaint, that the plaintiffs are partners, is an idle and useless allegation, and, being such, the action is not an action brought by them in their partnership name, but is an action brought by them in their individual capacities; and that the cause of action is an individual contract, and not a partnership contract, and therefore it is not subject to the provisions of §§ 2466 and 2468 of the Civil Code. We are inclined to agree with him; but how can proof of a partnership contract sustain allegations of an individual contract? There is no principle better established than that allegations and proofs offered under them must correspond. The contract proved does not sustain the allegations of the plaintiffs' complaint—a partnership transaction is not the transaction of the individual co-partners. Under no rule of proceedings, says Chief Justice Marshall, could the interest of a co-partner be given in evidence on an averment of individual interest. (*Graves* v. *Boston Insurance Company*, 2 Cranch, 215; see also *Cotes* v. *Campbell*, 3 Cal. 191; *Morrison* v. *Bradley & Co.* 5 id. 503; *Green* v. *Covillaud*, 10 id. 322.)

We are, therefore, of the opinion that the Court erred when it instructed the jury, that, if they believed the testimony of McCord, one of the plaintiffs, they should find for the plaintiffs. We think that upon his testimony they should have been instructed to find for the defendant.

Judgment and order reversed.

McKinstry, J., and Ross, J., concurred.