WILSON ET AL., APPELLANTS, *v.* YEGEN BROS. ET AL., RE-
SPONDENTS.

(No. 2,634.)

(Submitted March 12, 1909.   Decided March 24, 1909.)

[100 Pac. 613.]

*Partnership—Fictitious Name—Certificate—Disability to Sue—
Waiver—Evidence—Admissibility—Quantum Meruit—Plead-
ing.*

Partnership—Action by Partners in Individual Names.
    1.   In the absence of express statutory authority permitting an action to be brought in the name of a copartnership, a suit involving a partnership claim was properly instituted in the names composing the partnership.

Same—Fictitious Name—Statutory Provisions—Disability to Sue—Waiver.
    2.   Where the fact that plaintiffs were copartners did not appear from the face of the complaint, and the objection that they had no legal capacity to sue, inasmuch as they were doing business under a fictitious name and had failed to file the certificate required by section 5504, Revised Codes, was not taken by answer (*Id.*, sec. 6538), defendants will be deemed to have waived the objection; and the fact that they did not know that plaintiffs were partners until after one of their witnesses had testified to that effect was immaterial, since it was not too late then to ask leave to amend the answer so as to raise the question.

*Same—Fictitious Name—What does not Constitute.*
    3. The firm name of "A. & B.," used to designate a copartnership composed of two individuals, is not a fictitious name or a designation not showing the names of the persons interested as partners.

*Same—Disability to Sue—Evidence—Admissibility.*
    4. In an action on a *quantum meruit* to recover for materials furnished and work done, the substituted defendants claimed that the amount sued for was due to a third person against whom they had unsatisfied judgments, which they thus sought to collect. The evidence showed that the judgment debtor, who had been acting as foreman for plaintiffs, had no interest whatever in the subject of the suit. *Held,* that defendants could not complain of a ruling of the district court refusing to permit them to show that plaintiffs had failed to file the certificate required to be filed by partners doing business under a fictitious name; the defeat of plaintiff's claim on this ground would not have aided defendants, who could recover only by showing that the money sued for belonged to the judgment debtor.

*Same—Quantum Meruit—Pleading.*
    5. In an action upon a *quantum meruit* for work done and materials furnished, properly brought by plaintiffs in their individual names, it was not necessary to allege that the cause of action accrued to them as copartners.

*Appeal from District Court, Park County; Sydney Fox, Judge.*

ACTION by H. I. Wilson and others against Yegen Bros. and others. From an order granting a new trial, plaintiffs appeal. Reversed and remanded.

*Mr. Dan Yancey,* for Appellants.

*Mr. Fred. L. Gibson,* and *Mr. John T. Smith,* for Respondents.

MR. JUSTICE HOLLOWAY delivered the opinion of the court.

This action was brought by Wilson, Hinds, and Cook against the Park county free high school, a body corporate, to recover $852.09 for work done and materials furnished in constructing a concrete sidewalk about the high school grounds in Livingston. Thereafter the money was paid into court, and Yegen Bros. and Cothrin & Todd were substituted as defendants in the place of the Park county high school. The answer of Yegen Bros. is a general denial and an affirmative defense, to the effect that the work was done and materials furnished by Ben Hager, and

not by the plaintiffs or any of them; that defendants have an unsatisfied judgment against Hager for something over $600, and they ask that they recover an amount sufficient to satisfy their judgment. The answer of Cothrin & Todd is similar to that of Yegen Bros. They have an unsatisfied judgment against Hager for about $600, and seek to recover an amount sufficient to satisfy their judgment. The affirmative allegations of these answers were put in issue by reply.

At the trial, A. B. Cook, one of the plaintiffs, was the only witness. He testified, in substance, that the plaintiffs furnished the materials and paid for the work in question; that Ben Hager was their foreman or superintendent, employed at a salary of $150 per month, and, in addition thereto, was to receive twenty-five per cent of the profits, if any, arising from work done of that character; that it was the intention of the plaintiffs to form a corporation to be known as the ''Montana Concrete Construction Company''; that this intention was not carried out, but in the meantime the plaintiffs took some contracts and did some work—that some of the contracts were taken in the name of the Montana Concrete Construction Company and some in the name of Ben Hager; that it was understood and agreed between the plaintiffs that, while thus carrying on the work, they should share equally the profits and losses of the business; that there were not any profits in the business, but large losses, which were shared by plaintiffs equally; that the contract for the work in question was taken in the name of Hager, but that Hager did not have any interest in it, except as the agent of the plaintiffs and to get his salary while the work was being done, and to get his share of the profits, if any there had been. Upon cross-examination counsel for defendants sought to show that the plaintiffs had never made and filed the certificate required by sections 5504, 5505, Revised Codes, to be filed by partners doing business under a fictitious name, but the evidence was excluded.

The defendants having declined to introduce any evidence, the court found the issues in favor of the plaintiffs, and rendered judgment accordingly. The defendants thereafter moved for a

new trial, specifying, as the grounds of the motion, errors of law occurring at the trial, insufficiency of the evidence to justify the decision of the court, and that the decision is against law. The particular errors relied upon are set forth at length in the bill of exceptions.

The first four specifications relate to the refusal of the court to permit defendants to show that plaintiffs had not filed the certificate mentioned in sections 5504, 5505, Revised Codes. The other alleged errors are as follows:

"(5) The court erred in overruling the defendants' demurrer to the evidence, and in ordering and granting a judgment in favor of the plaintiffs in this action.

"(6) The court erred in refusing to declare the law to be that the plaintiffs had not proved the material allegations of their complaint, and were not entitled to recover in this action.

"(7) The evidence is not sufficient to sustain the judgment and finding of the court. (a) The evidence wholly fails to show that the plaintiffs, as individuals, or in any other capacity than as copartners, did or performed the work and labor, and furnished materials for the Park county free high school, or that they were otherwise, as individuals, entitled to recover in this action. (b) The evidence shows conclusively that the plaintiffs were copartners at the time the work was done and performed by Ben Hager for the Park county free high school, and that the said Ben Hager was the agent of the plaintiffs, as partners, in the construction of the sidewalk mentioned in the complaint."

The court granted the motion for a new trial, and the plaintiffs appeal from the order.

In deciding the case in favor of the plaintiffs in the first instance, the trial court found that the evidence given by Cook was true, and this is not questioned by defendants at all; on the contrary, in their specifications "a" and "b" above they seem to accept his evidence as true. They did not ask for a new trial upon the ground that Cook's testimony was not true. By their specifications above they practically concede that Cook was a witness entitled to full credit, and as such his evidence

was sufficient to prove the facts with relation to which he testified. Assuming, then, that Cook's testimony is true, it establishes the facts that he, Wilson, and Hinds were copartners in this transaction with the Park county high school; that they took the contract in the name of Ben Hager; that Hager was merely their agent, and did not have any interest in the contract; that the plaintiffs furnished the materials and paid for the labor; that they have not been paid for the work and the value of the materials furnished and work done. It is difficult to conceive of anything more necessary to make out a *prima facie* case in an action of this character, and there is not any merit in specifications 5 and 6 above. We are driven to believe, then, that in granting a new trial the district court must have concluded that an error of law had been committed, to the injury of the defendants.

The only alleged error of law mentioned in the bill of exceptions arises upon the refusal of the trial court to permit the defendants to show that the plaintiffs had not filed the certificate required by the statute to be filed by partners doing business under a fictitious name. Assuming, without deciding, that the copartnership composed of Cook, Wilson, and Hinds was doing business in this instance under a fictitious name, the ruling of the trial court above is directly before us for review. There cannot be any error predicated upon the action of the plaintiffs in bringing this action in their names as individuals. There is not any statute in this state authorizing an action to be brought in the name of a copartnership. (*Doll* v. *Hennessy Mercantile Co.*, 33 Mont. 80, 81 Pac. 625.) On the contrary, every action shall be prosecuted in the name of the real party in interest. (Revised Codes, sec. 6477.) In 15 Encyclopedia of Pleading and Practice, 839, the rule is announced as follows: "At common law a partnership or firm is not regarded as a legal entity apart from its members, and as it is a general rule that actions can only be brought by and against persons natural or artificial, and partnerships are not considered persons, it is almost universally held that, in the absence of express statutory authority, all actions and suits involving partnership claims or

liabilities must be brought by or against the persons individually who compose the firm.'' Therefore, since this action was properly brought by plaintiffs in their individual names, the fact that the evidence disclosed that they were partners is immaterial.

Section 5504 requires that every partnership doing business in this state under a ·fictitious name shall file with the county clerk of the county in which is the principal place of business a certificate, giving the names of the members, etc.   Section 5505 provides that persons doing business as partners contrary to the provisions of section 5504 shall not maintain any action, in the courts of this state, upon or on account of any contract made or transaction had in the partnership name.   It will be observed at once that the penalty thus imposed is the incapacity to sue. Section 6534 provides that the defendant may demur to a complaint when it appears from the face thereof that the plaintiff has not legal capacity to sue.   Section 6538 provides: ''When any of the matters enumerated in section 6534 do not appear upon the face of the complaint, the objection may be taken by answer.''   Section 6539 provides: ''If no objection is taken, either by demurrer or answer, the defendant must be deemed to have waived the same, excepting only the objection to jurisdiction of the court, and the objection that the complaint does not state facts sufficient to constitute a cause of action.''

In the case before us, the fact that plaintiffs were copartners does not appear from the face of the complaint, and, as the question of their legal capacity to sue was not raised by answer as provided in section 6538 above, the defendants must be deemed to have waived that defense under section 6539 above. These same statutes have been in force in California for many years, and have uniformly received this construction. (*Phillips* v. *Goldtree,* 74 Cal. 151, 13 Pac. 313; *Carlock* v. *Cagnacci,* 88 Cal. 600, 26 Pac. 597; *Cook* v. *Fowler,* 101 Cal. 89, 35 Pac. 431.)   Under our statute prescribing the conditions upon which foreign corporations may do business in this state the same question arises, and in *Zion Co-op. Mercantile Assn.* v. *Mayo,* 22

Mont. 100, 55 Pac. 915, this court reached the conclusion announced above.

It is not any excuse that the defendants did not know that plaintiffs were partners until Cook testified. If they could raise the question at all, it was not too late then to ask leave to amend their answers to raise it, and this they did not do. But it is very doubtful whether these substituted defendants could raise the question at all. The transaction was not between plaintiffs and defendants, but between plaintiffs and the high school. But for a stronger reason the defendants cannot complain of the ruling of the district court in excluding this evidence. These defendants claim as judgment creditors of Hager, and not otherwise. They could only prevail by showing that the money in question belonged to Hager. It would not aid them in the least to defeat the plaintiff's claim upon this ground, for that would not make the money Hager's. Furthermore, the evidence offered by plaintiffs shows that Hager has not any interest in this money, and, as defendants failed to offer any evidence in support of their affirmative defense, this fact must be deemed proved, and, if proved, then defendants have not any interest in the money, since they claim only as judgment creditors of Hager.

The conclusion reached in *McCord* v. *Seale,* 56 Cal. 262, is directly opposed to that which this court would reach upon the same facts if it followed its former decision. The firm name McCord & Malone, used to designate a copartnership composed of James McCord and Frank Malone, is not a fictitious name or a designation not showing the names of the persons interested as partners (*Guiterman* v. *Wishon,* 21 Mont. 458, 54 Pac. 566); and in a later case the supreme court of California reaches the same conclusion (*Pendleton* v. *Cline,* 85 Cal. 142, 24 Pac. 659). There is in fact not any question of variance presented in *McCord* v. *Seale,* but that is the question decided. In this case the plaintiffs properly brought this action in their individual names, alleged that they furnished the materials and did the work. The action is upon a *quantum meruit,* and in such case it is not necessary to allege that the cause of action accrued to

them as copartners.   (*Clark* v. *Wick,* 25 Or. 446, 36 Pac. 165; *Boosalis* v. *Stevenson,* 62 Minn. 193, 64 N. W. 380.)   Whether a contract was introduced in evidence upon the trial of this case the record does not disclose, but there was not a fatal variance between the pleading and .the proof.   (*Clark* v. *Wick,* above.)   The evidence is ample to sustain the decision of the court in the first instance; and we do not find that any errors were committed upon the trial.

The order granting a new trial is reversed, and the cause is remanded to the district court, with directions to vacate the order made and enter an order denying a new trial.

*Reversed and remanded.*

MR. CHIEF JUSTICE BRANTLY and MR. JUSTICE SMITH concur.