Submitted on briefs, May 18, reversed and remanded June 1, 1915.

## BEAMISH *v.* NOON.

### (149 Pac. 522.)

**Names—Assumed Names—Statutes—Right to Sue.**

1.  Under Laws of 1913, page 270, depriving a person doing business under an assumed name failing to file the certificate required of the right to sue, which act gave 30 days after it took effect for merchants to comply with the act, goods sold at any time up to the end of the 30-day period could be recovered for, though no certificate was filed.

**Justices of the Peace—Jurisdiction—Capacity of Party to Sue—Assumed Name—Special Demurrer.·**

2.  A justice court is not deprived of jurisdiction of a suit by a person doing business under an assumed name because the certificate required by Laws of 1913, page 272, Section 5, is not filed with the county clerk, unless the defect is raised by a special demurrer in the nature of a plea in abatement, since the act affects the qualification of the party to sue and not the statement of the cause of action.

**Parties—Capacity to Sue—Assumed Names—Waiver.**

3.  Where a plaintiff sues under an assumed name without alleging the filing of the certificate as required by Laws of 1913, page 272, Section 5, the incompetency of plaintiff to sue is manifest on the face of the complaint, and is waived by answering to the merits (Section 72, L. O. L.).

From Benton: JAMES W. HAMILTON, Judge.

Statement by MR. CHIEF JUSTICE MOORE.

This is an appeal by W. Beamish from a judgment of the Circuit Court of the State of Oregon for Benton County dismissing a writ of review. The facts are that an action was commenced in a Justice's Court for that county, the complaint, omitting the title of the court, the prayer for judgment, the name of plain-

tiff's attorney, the verification and the filing, being as follows:

"W. Beamish, doing business as Cash Market, plaintiff, v. W. A. Noon, defendant. Plaintiff for cause of action against the defendant above-named complains and alleges the following facts: That the plaintiff at all of the dates and times hereinafter set forth, was and now is engaged at Corvallis, Oregon, in the general meat and butcher business. That as such he conducts his said business as Cash Market. That between the first day of June, 1913, and the second day of September, 1913, the said Cash Market sold and delivered to defendant at his special instance and request, goods, wares and merchandise consisting of meat, beef, pork and market supplies. That the reasonable value of the said goods was the sum of $89.43. That the defendant has failed, neglected and refused to pay plaintiff for the said goods so sold and delivered except the sum of $10 paid thereon on the 26th day of August, 1913."

An answer was filed denying the material averments of the complaint and alleging in effect that the sales so charged were made to the W. C. Noon Lumber Company, a corporation, of which the defendant was and is the manager. A reply having put in issue the allegations of new matter in the answer, the cause was, by agreement of the parties, set for trial December 1, 1913.

Ten days prior thereto, however, the defendant served upon the plaintiff and offered for filing a demurrer, based on the following grounds:

"First, that the said court has not jurisdiction of the subject matter mentioned in the complaint; second, that the said complaint does not state facts sufficient to constitute a cause of action."

Thereupon the justice notified counsel for the respective parties to appear before him and upon their

compliance therewith the demurrer, over objection of plaintiff's counsel, was filed. The issue of law thus raised was tried December 8, 1913, and taken under advisement, but two days thereafter the demurrer was sustained on both grounds and the action dismissed. In order to review such decision a writ was issued and for a return thereto the proceedings, papers, etc., pertaining to the cause, were duly certified up to the Circuit Court for that county, resulting in the judgment and appeal as hereinbefore mentioned.

Submitted on briefs under the proviso of Supreme Court Rule 18: 56 Or. 622 (117 Pac. xi).

REVERSED AND REMANDED.

For appellant there was a brief by *Mr. O. Middlekauff*.

For respondent there was a brief submitted by *Messrs. McFadden & Clarke*.

Opinion by MR. CHIEF JUSTICE MOORE.

1. Chapter 154, General Laws of Oregon of 1913, was filed in the office of the Secretary of State February 25th of that year. The legislative assembly, which enacted the law, adjourned on the fourth day of the succeeding March, and as the measure had no emergency clause, it did not take effect until the third day of the following June: Const. Or., Art. IV, § 28. The statute referred to, as far as its provisions are deemed involved, reads:

"No person or persons shall hereafter carry on, conduct or transact business in this state under any assumed name or under any designation, name or style, corporate or otherwise, other than the real and true name or names of the person or persons conduct-

76 Or.—27

ing such business or having an interest therein, unless such person or all of such persons conducting said business or having an interest therein, shall file a certificate in the office of the county clerk of the county or counties in which said business is to be conducted, which certificate shall set forth the designation, name or style under which said business is to be conducted, and the true and real name or names of the party or parties conducting or intending to conduct the same, or having an interest therein, together with the post-office address or addresses of said person or persons * * ": Section 1.

"Any person or persons now conducting any business under such assumed name * * shall file and cause to be recorded and indexed in a book to be kept for that purpose, a certificate, as provided for in Section 1 of this act, within 30 days after this act shall take effect * * ": Section 2.

"No person or persons carrying on, conducting or transacting business as aforesaid, or having any interest therein, shall hereafter be entitled to maintain any suit or action in any of the courts of this state without alleging and proving that such person or persons have filed a certificate as provided * * in Section 1, and failure to file such certificate shall be *prima facie* evidence of fraud in securing credit": Section 5.

"Any person violating any of the provisions of this act, shall be guilty of a misdemeanor, and upon conviction thereof, shall be punished by a fine not exceeding $100": Section 6.

The language thus quoted is almost identical with the wording of a statute of Michigan: Pub. Acts Mich. 1907, No. 101. In referring to the latter enactment in *Cashin* v. *Pliter*, 168 Mich. 386 (134 N. W. 482, Ann. Cas. 1913C, 697, 699), Mr. Justice STEERE observes:

"The one object of the act is manifestly to protect the public against imposition and fraud, prohibiting persons from concealing their identity by doing business under an assumed name, making it unlawful to use

other than their real names in transacting business without a public record of who they are, available for use in courts, and to punish those who violate the prohibition. The object of this act is not limited to facilitating the collection of debts, or the protection of those giving credit to persons doing business under an assumed name. It is not unilateral in its application. It applies to debtor and creditor, contractor and contractee, alike. Parties doing business with those acting under an assumed name, whether they buy or sell, have a right, under the law, to know who they are, and who to hold responsible, in case the question of damages for failure to perform or breach of warranty should arise.''

Oklahoma has a similar statute, and in a note to the case of *Patterson* v. *Byers,* 10 Ann. Cas. 810, 812, reference is made to the enactments of other states relating to the same subject.

2. An examination of our statute will show that after its enactment no person was permitted to carry on, conduct or transact business under an assumed name, unless he filed the necessary certificate, to comply with which requirement he was allowed 30 days after the act took effect. The complaint in the case at bar discloses that between June 1, 1913, and September 2d of that year, the goods, wares and merchandise referred to are alleged to have been sold and delivered to the defendant. By the express provisions of the enactment, the plaintiff, who is averred to have been engaged in business as the Cash Market when the statute went into effect, was given until July 3, 1913, in which to comply with the terms of the law. All sales of meat so made within that limited time were valid, without filing the required certificate, and hence an action could have been maintained against a purchaser of such food to recover the reasonable

value thereof without alleging or proving that the certificate had been filed. A part of the cause of action as set forth in the initiatory pleading could unquestionably have been maintained under any circumstance, notwithstanding the enactment of the statute.

Section 5 of the act under consideration does not relate to the statement of facts constituting a cause of action, but to the necessary qualifications of a party, doing business under an assumed name, to maintain an action. The complaint herein averred a sale and delivery to the defendant at his request of goods, wares and merchandise, alleged the reasonable value thereof, and that such sum had not been fully paid, thus demonstrating that the primary pleading stated facts sufficient to constitute a cause of action. The Constitution and law of Oregon give a Justice's Court jurisdiction of civil actions of this kind where the sum involved does not exceed the amount undertaken to be recovered herein. Neither ground set forth in the demurrer was tenable, and an error was committed in sustaining it: *Waggy* v. *Scott,* 29 Or. 386, 388 (45 Pac. 774).

3. The only defect available, which appeared on the face of the complaint, was a failure to disclose the plaintiff's qualifications to maintain a part of the cause of action by averring that the required certificate had been filed. This deficiency could have been called to the attention of the court by a demurrer, special in its nature, and tantamount to a plea in abatement, which, if it had been interposed within the time allowed for that purpose, would have been availing: *Marx & Jorgenson* v. *Croisan,* 17 Or. 393 (21 Pac. 310). The incompetency of the plaintiff to maintain the action, being thus manifest on the face of the complaint, was waived by answering to the merits: Section 72,

L. O. L.; *Wilson* v. *Wilson,* 26 Or. 251, 261 (38 Pac. 185); *Owings* v. *Turner,* 48 Or. 462 (87 Pac. 160); *Portland* v. *Coffey,* 67 Or. 507 (135 Pac. 358); *Turnbull* v. *Michigan etc. R. Co.* (Mich.), 150 N. W. 132. An error was committed by the Circuit Court in dismissing the writ.

It follows from these considerations that the judgment is reversed, the demurrer overruled, and the cause sent back to the Circuit Court, with directions to remand it to the Justice's Court where it originated, there to be tried upon the issues made by the complaint, answer and reply.          REVERSED AND REMANDED.