Argued April 15, affirmed May 25, 1926.

# JAMES A. ROWLAND ET AL. v. NATIONAL RESERVE INSURANCE CO.

(246 Pac. 210.)

**Parties.**

1. Plaintiffs' failure to file certificate of assumed name under Laws of 1913, page 270, was waived by defendant's failure to plead it in first instance.

**Pleading—Permitting Amendment of Answer to Set Up Plea in Abatement for Plaintiffs' Failure to File Certificate of Assumed Name After Expiration of Time Stipulated for Suit on Policy Held Abuse of Discretion (Laws 1913, p. 270).**

2. Where defendant did not urge defense that plaintiffs failed to file certificate of assumed name under Laws of 1913, page 270, until after expiration of stipulated time for suit on policy, court abused discretion in permitting amendment of answer to set up plea in abatement and such stipulation; it being impossible to restore plaintiffs to their former standing.

**Pleading.**

3. Pleas in abatement are not favored in law, and procedure respecting them should be strictly construed.

Fire Insurance, 26 C. J., p. 481, n. 49, p. 507, n. 17 New.

From Marion: GEORGE G. BINGHAM, Judge.

Department 1.

AFFIRMED.

For appellant there was a brief over the names of *Mr. H. B. M. Miller* and *Messrs. McNary, McNary & Keyes*, with an oral argument by *Mr. Walter E. Keyes.*

For respondents there was a brief over the name of *Messrs. Smith & Shields*, with oral arguments by *Mr. Guy O. Smith* and *Mr. W. C. Winslow.*

1. See 1 R. C. L. 52; 20 R. C. L. 922.
3. See 21 R. C. L. 539.

BURNETT, J.—This is an action by James A.
Rowland and Irena V. Rowland, styling themselves
partners doing business as J. A. Rowland Com-
pany, plaintiffs and respondents, against the Na-
tional Reserve Insurance Company, a corporation,
as defendant and appellant, to recover the amount of
their loss under a fire insurance policy issued by the
defendant. The policy contained a condition as fol-
lows:

"No suit or action on this policy for the recovery
of any claim shall be sustainable in any court of law
or equity—unless commenced within 12 months next
after the fire."

The fire occurred January 29, 1922. Within the
year next after that date this action was instituted
to recover the amount named in the policy. There
was an answer denying everything in the complaint
and affirmatively charging that the plaintiffs had been
guilty of false swearing in their proof of loss in that
they had overvalued the property which was de-
stroyed. Issue was joined on the new matter in the
answer. The cause came on to be heard for trial at
the October term of the Circuit Court for Marion
County for 1923, resulting in a verdict and judgment
in favor of the plaintiffs. This, however, was set
aside and a new trial granted, and the cause came
on for hearing on January 16, 1924, without any
change having been made in the pleadings. When
the case was called for trial, the defendant asked and
obtained leave, over the objection and exception of
the plaintiffs, to file an amended answer, setting up
a plea in abatement, in substance that the plaintiff
had not filed in the office of the County Clerk the
certificate of an assumed name required to be filed
under the provisions of Chapter 154 of the General

Laws of Oregon for 1913, and that they "did not comply in any respect with the provisions of said laws, until the 9th day of January, 1924, more than one year after the fire in their said amended complaint alleged." Based on the same facts, the defendant urged in their amended answer that the action was not commenced within one year next after the happening of the fire on the ground that under the statute hereinafter referred to they were forbidden to maintain the action without having filed the certificate. The court denied the plea, after trial, but the plaintiffs excepted to the filing of the amended answer at all, and the trial on the merits resulted in a judgment in favor of the plaintiffs. The defendant has appealed.

1, 2. The sole question urged on this appeal is that about the plaintiffs being disqualified to sue because their certificate had not been filed. Under the record, as disclosed by the bill of exceptions, the action was commenced within the year next after the fire. No plea in abatement was offered for filing until long after the expiration of that year nor until the beginning of the second trial of the action. It is taught in *Uhlmann* v. *Kin Daw*, 97 Or. 681 (193 Pac. 435):

" * * that our statute merely disqualified the parties from suing, and that the defect is waived by failure to answer, or to demur in case the defect appeared upon the face of the pleadings": Citing *Beamish* v. *Noon*, 76 Or. 415 (149 Pac. 522); *Shucking* v. *Young*, 78 Or. 483 (153 Pac. 803); *Benson* v. *Johnson*, 85 Or. 677 (165 Pac. 1001, 167 Pac. 1014); *Columbia River Door Co.* v. *Todd*, 90 Or. 147 (175 Pac. 443, 860).

Not having, in the first instance, pleaded the lack of filing a certificate of an assumed name, the defendant waived that defect. Moreover, it waited and

omitted to urge that defense until after the limitation of time sipulated in the policy had expired. In our judgment the Circuit Court abused its discretion in permitting the answer to be amended so as to set up the plea in abatement and incidentally the conventional agreement about the limitation of time in which the action should be brought. The reason is that the defendant allowed the matter to run and so in effect lulled the plaintiffs into a sense of security, until it was too late for them to file the necessary certificate. It is not right to allow the defendant to take back its waiver of the plea in abatement when and not until the plaintiffs could not be restored to their former standing.

3. Pleas in abatement are not favored in law and the procedure respecting them should be strictly construed. With this view of the matter the amended answer should be disregarded and the judgment of the Circuit Court affirmed the same as if the amended answer had not been filed.

Accordingly, the judgment is affirmed.

AFFIRMED.

RAND, J., being absent, did not participate in this decision.

McBRIDE, C. J., and COSHOW, JJ., concur.