HARBOLT, RESPONDENT, *v.* HENSEN, APPELLANT.

(No. 6,023.)

(Submitted January 8, 1927. Decided January 31, 1927.)

[253 Pac. 257.]

*Real Estate Brokers — Commissions — Pleading — Statute—Licenses—Failure to Procure—Matter of Defense—Who not a "Broker"—Complaint—Defect Cured by Answer—Appeal—When Complaint Deemed Amended—Evidence.*

Pleading—Defective Complaint may be Cured by Answer.
  1.  Complaint in an action on a contract rendered defective by ambiguous allegations and failure to set out its exact nature *held* cured by the answer.

Contracts—Improper Pleading—Complaint Deemed Amended to Conform to Proof, When.
  2.  Where plaintiff in an action on a contract, improperly pleaded, testified without objection that the contract sued upon was as alleged in the answer, the complaint will be deemed amended to conform to the proof.

Real Estate Brokers—Commissions—Written Contract—Waiver of Part of Commission not Abandonment of Original Contract.
  3.  In an action by a real estate broker to recover commissions based on a written contract, plaintiff could properly waive by parol the commission on an amount in excess of the selling price stipulated for in the contract, without being open to the charge that he had abandoned the original contract and sought to enforce an oral contract entered into at a later date.

Same—Brokers' License—Statutory Provision Does not Apply, When.
  4.  The provision of section 4075, Revised Codes of 1921, that one acting in the capacity of a real estate broker cannot maintain an action for compensation unless he alleges and proves that at the time the cause of action arose he was duly licensed to act as a broker, has no application, under section 4058, to one who acts in that capacity in connection with a single transaction only.

Same—What Insufficient to Prove That Plaintiff was a "Broker."
  5.  Evidence that a broker's contract was written on plaintiff's stationery showing his name and the legend "Real Estate" and his statement at the trial that he never "deducted a mortgage on a commission" *held* too unsubstantial to warrant a finding that at the time the transaction in question took place he was a broker within the meaning of section 4058, above.   (See par. 4.)

  1.  See 21 R. C. L. 492.
  4.  See 4 R. C. L. 303.
  5.  Pleading in actions for compensation, see notes in 5 Ann. Cas. 898; Ann. Cas. 1912D, 378.  See, also, 4 R. C. L. 303.

[78 Mont. 228.]

Same—That Plaintiff was a Broker is a Matter of Defense—Failure to so Plead—Waiver.
6. One who is not a real estate broker within the meaning of section 4075, Revised Codes of 1921, to enable him to recover commissions on a sale procured by him is not required to allege and prove that at the time he was not a broker; if he was a broker it was incumbent upon defendant to so allege and prove, and by failing to do so he waived the point.

Same—Commissions—Amount—Evidence—Immateriality.
7. Where a real estate broker's contract provided that his commission, in case he brought about a trade of defendant's ranch property, should be a certain per cent on the value of the ranch "valuing the said ranch of $15 per acre," defendant bound himself to pay the commission on the amount produced by multiplying the number of acres by 15, and testimony regarding the value of city property for which the ranch was traded was immaterial.

---

[1] Brokers, 9 C. J., sec. 110, p. 635, n. 41. Pleading, 31 Cyc., p. 714, n. 55; p. 715, n. 57.
[2] Appeal and Error, 4 C. J., sec. 2640, p. 723, n. 89; sec. 2683, p. 749, n. 91; p. 750, n. 92, 96. Judgments, 33 C. J., sec. 101, p. 1163, n. 95; p. 1164, n. 1.
[3] Brokers, 9 C. J., sec. 63, p. 562, n. 39.
[4] Brokers, 9 C. J., sec. 65, p. 566, n. 54.
[5] Brokers, 9 C. J., sec. 65, p. 566, n. 54; sec. 127, p. 654, n. 41.
[6] Brokers, 9 C. J., sec. 115, p. 642, n. 80.
[7] Brokers, 9 C. J., sec. 77, p. 579, n. 45; sec. 126, p. 654, n. 37.

*Appeal from District Court, Blaine County, in the Eighteenth Judicial District; John J. Greene, a Judge of the Nineteenth District, presiding.*

ACTION by Ira S. Harbolt against William R. Hensen. From a judgment for plaintiff, defendant appeals. Affirmed.

*Messrs. Hurd, Rhoades, Hall & McCabe* and *Mr. D. L. Blackstone,* for Appellant, submitted a brief; *Mr. H. C. Hall* argued the cause orally.

*Mr. W. B. Sands,* for Respondent, submitted a brief and argued the cause orally.

MR. JUSTICE MATTHEWS delivered the opinion of the court.

Action by Ira S. Harbolt against William R. Hensen on a contract for the recovery of a real estate broker's commission.

From a judgment in favor of plaintiff, defendant has appealed.

The complaint alleged that, "by an instrument in writing" defendant employed plaintiff to find a purchaser or "trader" for his ranch and agreed to pay a commission of five per cent on the first $100,000 and one and one-half per cent on any excess of that amount "of the selling or trading price"; that plaintiff negotiated a deal whereby defendant received and accepted other property for his ranch, and that the "trading price" fixed was $118,000; that the commission amounted to $5,370, of which $1,200 was paid. He prayed judgment for the balance.

The defendant made the written contract a part of his answer, and alleged that the commission was to be figured on the basis "of the value of any money or property which the first party should receive upon a sale or trade"; that the value of the property received on the trade was $30,000, the commission $1,500, of which $1,200 had been paid. He offered to confess judgment for the sum of $300 and interest.

The contract was written on stationery bearing the legend: "Real Estate. Insurance. Ira S. Harbolt, Chinook, Montana. Farm Loans." It gives to the plaintiff the "right or option to sell or trade" defendant's ranch, embracing 9,200 acres, at $15 per acre. The only clause important here reads: "It is further understood and agreed that, if the party of the second part gets a trade for the party of the first part which he agrees to accept, the party of the first part agrees to pay a commission of 5 per cent on the first $100,000 and 1½ per cent on all over $100,000, valuing the said ranch at $15 per acre."

No reply was interposed. The case was tried to the court without a jury. At the outset the defendant moved the court to order judgment for the plaintiff for $300, on the ground that the affirmative allegations of the answer were admitted. The motion was denied, whereupon plaintiff testified that the contract set out in the answer was the one mentioned in the

complaint, and that he procured a deal for defendant which was accepted. On cross-examination he identified a contract, signed by defendant and one Annie S. Lanier, by the terms of which defendant gave his ranch "subject to an incumbrance of $45,150," and $12,000 in cash for an apartment house in Kansas City, Missouri, on which there was an encumbrance amounting to $90,000. Plaintiff then rested.

Over the objection that the testimony was immaterial, the defendant was permitted to show the value of the equity in the Kansas City property; the court, however, making it clear that whether or not the testimony would be considered depended upon the construction to be placed on the brokerage contract. Defendant was also permitted to testify that, at the time of the trade, his land was not worth to exceed $5 per acre, and that at that time no value was placed on either piece of property. He testified that, while the deal was closed in 1923, he had no conversation with the plaintiff concerning the commission from the time the commission contract was signed up to April, 1925, when he attempted to secure a settlement. On rebuttal, the plaintiff testified that at Kansas City, before the trade was made, defendant made some objection to the amount of commission to be paid, and that he then agreed to waive commission on the excess over $118,000, and explained the manner in which that figure was agreed upon.

The court's findings are as follows: "The court finds that all the allegations of plaintiff's complaint and the facts admitted in the answer of the defendant are true. The court further finds that at the time of the execution of the contract, set forth as Exhibit 'A' in defendant's answer, it was mutually understood and agreed between the plaintiff and defendant that the plaintiff should receive as commission for securing a trade for the ranch properties of the defendant, which was agreeable and accepted by the defendant, that the defendant would pay the plaintiff, as a commission, 5 per cent on the first $100,000

and 1½ per cent on all over $100,000 of the value of defendant's ranch which in and by said contract, they mutually agreed and fixed at the value of $15 per acre.''

''Conclusions of law: The court concludes from the above findings that the plaintiff is entitled to judgment against the defendant in the sum prayed for in his complaint.''

Judgment was entered accordingly for the sum of $4,070, with interest and costs. From this judgment defendant has appealed; he specifies error upon each of the findings of fact, upon the conclusion of law and upon the entry of judgment, which specifications are argued jointly under the following heads:

1. It is first argued that the findings quoted are inconsistent, in that they fix two conflicting methods of determining the basis for computing the commission; that under the allegations of the complaint, referring to the ''trading price received and accepted,'' found to be true by the first finding, one amount would be recoverable, while under finding No. 2 a larger amount would result.

The difference between the agreement as alleged in the complaint and as set out in the contract is marked, and it would seem that, at the time the complaint was drawn, the plaintiff's theory of the basis for computing the commission was that [1] adopted by the defendant on the trial. The complaint is at least ambiguous, in that it alleges a ''trading price'' which is not the result of the multiplication of the number of acres by the fixed value per acre set out in the contract, and does not allege the exact nature of the contract; but these defects were supplied by the answer (*Biering* v. *Ringling,* 74 [2] Mont. 176, 240 Pac. 829); further, the plaintiff, without objection, testified that the contract sued upon was that set out in the answer, and, if necessary, the complaint is deemed amended to conform to the proof (*Ellinghouse* v. *Ajax Livestock Co.,* 51 Mont. 275, L. R. A. 1916D, 836, 152 Pac. 481).

The findings, therefore, refer to the pleadings as a whole, and are not inconsistent one with the other, except that the court found that the plaintiff was entitled to recover $4,070, whereas, by computation, the amount would be in excess of that amount; but this finding is readily explained, as plaintiff could not recover any amount in excess of that prayed for in his complaint.

2. The defendant asserts that plaintiff abandoned the [3] original contract and sought to enforce an oral contract entered into at a later date. Neither the pleadings nor the proof warrant this assertion. It is alleged that the "trading price" was $118,000, and, in explanation of the reduction from the fixed basis for computation as shown by the contract, plaintiff merely testified, in effect, that, in order to induce defendant to close the deal, he agreed to "waive" commission on the amount in excess of $118,000. This he had a right to do, if he saw fit, and by so doing he did not alter or affect the written contract. (13 C. J. 672.)

3. It is contended, that there is a failure in pleading and [4] proof, in that plaintiff neither alleged nor proved that he was a licensed real estate broker as required by the provisions of section 4075, Revised Codes of 1921. The question was not raised in any manner in the trial court. The section cited prohibits any person "acting in the capacity of a real estate broker" within this state from maintaining an action for the recovery of compensation "without alleging and proving" that he was duly licensed at the time the alleged cause of action arose. However, this section is part of Chapter 195, Laws of 1921, for the regulation of such brokers. Section 3 of the Act, now section 4058, Revised Codes of 1921, defines a real estate broker as one who deals in real estate "as a whole or partial vocation," and declares that "the provisions of this Act shall not apply to any person, * * * who * * * not following the vocation of real estate broker, as a whole or in part, acts in that capacity for another in connection with a single

transaction." As section 4075 is a part of the Act, the provision as to pleading and proof does not apply to such a person as is last mentioned.

The only intimations found in the record that plaintiff, at [5] any time other than on the occasion of this "single transaction," followed the vocation of a real estate broker, are the legend at the head of the contract, and his statement on cross-examination that "I never deducted a mortgage in my life on a commission," both of which may as well refer to some long past activity as to "the time when the alleged cause of action arose." This evidence is entirely too vague and unsubstantial to warrant this court in now holding that the plaintiff was, in fact, a real estate broker within the meaning of the statute, at the time of the instant transaction.

But defendant contends that plaintiff should have pleaded and proved that he came within the exception. The statute requires a real estate broker to allege and prove that he is duly licensed, but does not require any other person to allege and prove that he is not a real estate broker. So far as such a person is concerned, he is required to go no further than he would if no such statute existed.

While, by timely action in the district court, the defendant [6] might have alleged and proved that plaintiff was not entitled to maintain his action, he is now in the situation of the defendant in *Wilson* v. *Yegen Bros.*, 38 Mont. 504, 100 Pac. 613; he will be deemed to have waived the objection.

4. The final clause of the contract, quoted above, binds the [7] defendant to pay a commission in case of a trade "valuing the said ranch at $15 per acre." No other interpretation than that placed on the contract by the trial court could be given it without rendering the last-quoted expression meaningless. It is clear, therefore, that the defendant bound himself to pay the commission on the product of 9,200 acres multiplied by $15, and that all of the testimony regarding the value of

the Kansas City property was immaterial; the court committed no error in disregarding it in his final analysis of the evidence.

The judgment is affirmed.

*Affirmed.*

MR. CHIEF JUSTICE CALLAWAY and ASSOCIATE JUSTICES MYERS, STARK and GALEN concur.