PIATT & HEATH CO., RESPONDENT, v. WILMER, APPELLANT.

(No. 6,601.)

(Submitted April 10, 1930. Decided May 8, 1930.)

[288 Pac. 1021.]

Mr. *J. R. Wine*, for Appellant, submitted a brief and argued the cause orally.

384

*Mr. E. G. Toomey,* for Respondent, submitted a brief and argued the cause orally.

MR. JUSTICE MATTHEWS delivered the opinion of the court.

The Piatt & Heath Company brought action to recover a commission on the sale price of a house theretofore listed with it for sale by written contract signed by the defendant Clifford J. Wilmer, and thereafter sold by the owner.

The complaint filed alleged that the plaintiff company was a corporation "engaged principally in the purchase, sale and rental of real estate, and as agent and factor in the handling thereof"; it did not allege that the plaintiff was licensed to act as a real estate broker. The defendant interposed a general demurrer to the complaint which was "submitted to and by the court overruled." An answer was interposed, admitting the

execution of the contract and the listing and advertising of the property for sale by plaintiff and alleging sale by the defendant; admitting demand for payment of the commission and denying liability therefor.

The cause was tried to the court without a jury, and, at the close of plaintiff's case, defendant moved for judgment of nonsuit, which motion was overruled; whereupon defendant introduced evidence. The court found for the plaintiff and entered judgment for $132.50, being five per cent of $2,650, the alleged sale price of the property. Defendant has appealed from the judgment.

1. Defendant asserts that the court erred in overruling his demurrer to the complaint, as the pleading was fatally defective in that it failed to allege that the plaintiff was duly licensed to act at the time the contract was made.

Section 4075, Revised Codes 1921, provides that "no person * * * or corporation, engaged in the business of, or acting in the capacity of a real estate broker, or salesman * * * shall maintain any action * * * to recover compensation for his services * * * without alleging and proving that such person * * * or corporation was duly licensed * * * at the time the alleged cause of action arose." This section is a part of Chapter 265, Part III, Political Code of 1921, for the "regulation of real estate brokers," and was passed under the police power for the protection of the state in maintaining such "regulation."

The complaint is clearly defective in that it fails to allege that plaintiff was licensed as a real estate broker, but the demurrer interposed challenges it only on the ground that "it does not state facts sufficient to constitute a cause of action." The cause of action which must be stated to withstand a general demurrer "consists of a union of plaintiff's primary right and an infringement of it by the defendant" (*McLean* v. *Dickson,* 58 Mont. 203, 190 Pac. 924, 926), and when a plaintiff appropriately pleads a contract and the breach thereof, a cause of

action is stated (*Cohen* v. *Clark*, 44 Mont. 151, 119 Pac. 775) regardless of whether or not it may be maintained.

The defect in the complaint here affects only the capacity of ▮ plaintiff to sue (sec. 9131, Rev. Codes 1921, subd. 2) on which ground a demurrer must "point out specifically the defect relied upon (sec. 9132, Id.), such a demurrer being "tantamount to a plea in abatement." (*Beamish* v. *Noon*, 76 Or. 415, 149 Pac. 522.) In the absence of such a demurrer defendant could take advantage of the defect by answer (*Harbolt* v. *Hensen*, 78 Mont. 228, 253 Pac. 257); but having challenged plaintiff's capacity to sue neither by special demurrer nor answer, "defendant must be deemed to have waived" the defect. (Section 9136, Rev. Codes 1921.) This is the rule under statutes of similar effect whether, in addition to prohibiting the maintenance of the action, they require the pleading of compliance with the condition precedent, or not. (*Wilson* v. *Yegen Bros.*, 38 Mont. 504, 100 Pac. 613; *Beamish* v. *Noon*, above; *Rowland* v. *National Reserve Ins. Co.*, 118 Or. 139, 246 Pac. 210; *Gallafent* v. *Tucker*, 48 Idaho, 240, 281 Pac. 375.)

Having waived the objection in the trial court, it is unavailingly raised on appeal for the first time.

2. It is clear from the record that all that the plaintiff did ▮ under the contract in question was to list and advertise the property for sale; it was sold by the owner to a purchaser not produced by plaintiff, and that within two weeks after the contract was signed. On this showing defendant contends that plaintiff was not entitled to a commission. However, the contract grants to the plaintiff company, in consideration of "advertising and listing the property for sale," the sole and exclusive right to sell for a fixed period and binds the owner to pay a commission of five per cent "if said property shall be sold or exchanged" during that period.

The president of the company testified that the defendant demurred to the provision at first on the ground that he did not see the justice in paying a commission if he sold the property himself, but, after the "reason" therefor was ex-

plained to him, he signed the contract. The evidence warranted the court in finding that defendant contracted to pay in the event the property was sold by himself, and the terms of the contract itself so bind the defendant.

Some stress is laid on the fact that the plaintiff did not furnish the name of the buyer or a list of prospects, but the provisions of the contract in this regard apply to a commission on sale made "within six months after the termination of this agency agreement."

The court did not err in rendering judgment for plaintiff.

3. The amount of the award is questioned. While the president of the company testified that the sale price fixed was $2,650 and that the defendant told him he sold the house for $2,700, the proof was that the price received was but $2,100, and the assumption of one-half year's taxes, the amount of which does not appear. Under the contract the plaintiff is entitled to but five per cent of the amount received; had it desired to recover a commission on the amount of taxes paid, it should have brought out the amount thereof. On the record, the judgment is excessive and will be scaled to five per cent of $2,150, or $107.50.

The cause is remanded to the district court of Lewis and Clark county, with direction to modify the judgment as indicated, and, as modified, the judgment will be affirmed.

ASSOCIATE JUSTICES GALEN, FORD and ANGSTMAN concur.

MR. CHIEF JUSTICE CALLAWAY, being absent, did not hear the argument and takes no part in the foregoing decision.

Rehearing denied June 7, 1930.