74

MARION B. PORTER AND ROBERT LEE KELLEHER, PLAINTIFFS AND RESPONDENTS, *v.* CRUM-McKINNON BUILDING COMPANY, INC., AND GEORGE L. McKINNON, AND DONALD E. McKINNON, AND HELEN R. CRUM, DEFENDANTS AND APPELLANTS.

No. 10477.
Submitted March 21, 1963. Decided May 15, 1963.
381 P.2d 794.

Jones & Olsen, Billings, Paul G. Olsen, Billings (argued) for appellants.

Michael J. Whalen, Billings (argued), for respondents.

MR. JUSTICE CASTLES delivered the Opinion of the Court.

This is an appeal from a judgment entered on a jury verdict for plaintiffs. The action was brought by plaintiffs, respondents here, to recover damages for breach of contract.

Because of some inequity in a lease that the defendant,

Crum-McKinnon Building Co., Inc., had with the United States government, the company had been trying to obtain relief by getting a bill passed through Congress.

George L. McKinnon, Donald E. McKinnon and Helen R. Crum, shareholders in the corporation, individually with the Crum-McKinnon Building Co., Inc., defendants and appellants, retained respondents, Marion B. Porter and associates, to assist in procuring the passage by Congress of a private relief Bill for the building corporation. Thereafter respondent, Porter, a lawyer, associated respondent Robert Kelleher, also a lawyer. Respondents agreed to split the fee. By a written retainer the appellants agreed to pay respondents 15 percent of the money received from the relief Bill. The relief Bill as passed limited the amount to 10 percent, which could be paid to any attorney for services rendered in connection with the claim so the complaint was amended to conform to that amount plus the expense of some telephone calls.

As the complaint alleges, the evidence shows that respondents performed various legal services in connection with the passage of the Bill.

In their answer, appellants alleged that respondents abandoned the contract on or about April 21, 1960. George McKinnon went to Washington, D. C., on April 25, 1960, on behalf of the corporation to work on the passage of the Bill. On the date of the alleged abandonment, Mr. McKinnon requested the file on the matter from the respondent Kelleher. Kelleher gave the file to McKinnon.

Mr. McKinnon testified, that at the time, Mr. Kelleher said "if he [Kelleher] could do anything to help me, he would be very happy to do it." However, respondents deny that they abandoned the contract. They showed that after Mr. McKinnon returned from Washington, D. C., he consulted with Kelleher and a claim form for submission by the corporation to the Treasury Department was prepared by respondents after the Bill became law.

After the Bill became law, Kelleher sent a bill to the Crum-McKinnon Building Co., Inc., for $1,267.39, which was for one-half the fee and some telephone calls. In response, appellants sent a check for that amount. The check was made out to respondents as joint payees and attached thereto was a note stating in part that the check was "as per your statement". The words "For Acct. in Full" were on the face of the check and on the reverse side were the words and figures:

"Endorsement here-on constitutes payment in full for all services in connection with H.R. 8166 and Private Law 86-487 [74 Stat. A101]."

The check was not cashed and payment thereon was stopped by the appellant corporation.

The cause was tried before a jury which rendered a verdict in favor of respondents. The defendants appealed.

The first specification of error is that the court erred in failing to sustain appellants' general demurrer to the effect that a cause of action was not alleged in that there was a lack of mutuality in the contract. It is our opinion that the contract is not open to question for lack of mutuality. See 1 Corbin on Contracts, § 152, p. 496, and the cases cited therein.

But aside from that, the complaint states facts sufficient to constitute a cause of action. Piatt & Heath Co. v. Wilmer, 87 Mont. 382, 288 P. 1021; Johnson v. Johnson, 92 Mont. 512, 516, 15 P.2d 842; Johnson v. Elliot, 123 Mont. 597, 218 P.2d 703. The complaint alleges that appellants retained Marion B. Porter and associates, the respondents, for the purpose of assisting in the procurement of the passage of a private relief Bill for appellants. It is alleged that the respondent Porter associated the respondent Kelleher and both worked to obtain the passage of the Bill. It is further alleged that the Bill passed and appellants refused to pay. The written retainer agreement is incorporated in and made a part of the complaint. From the foregoing it is evident that the complaint

states facts sufficient to constitute a cause of action and the district court was correct in overruling the demurrer.

Next, it is contended that the court erred in refusing to give appellants' offered instructions 5, 6, 8, 10, 11, 13.

Appellants' offered instruction 5 is as follows:

"You are instructed that if you find from a preponderance of the evidence that the plaintiffs, while the Congressional Bill in evidence had failed of being enacted, abandoned any further effort to obtain its enactment, and that then the defendant George L. McKinnon thereupon personally and without assistance or cooperation on the part of plaintiffs or either of them obtained the enactment of said bill, your verdict should be for defendants."

Appellants' offered instruction 8 is identical to their offered instruction 5 except after the words "effort to obtain its enactment" and before the words "that the defendant", the following appears in 8: "and informed defendants that they were abandoning, and had abandoned, such effort."

Appellants offered instruction 11 reads as follows:

"You are instructed that if you find from the evidence, under the rules given you in these instructions, that the plaintiffs informed defendants that they had exhausted all their efforts without success, admitted they were unable to get said Congressional Bill enacted, and did desist from making further effort, your verdict must be for defendants."

Upon the issue of abandonment the court did instruct the jury as follows:

"As an affirmative defense in this action, the defendants have alleged, that on or about April 21, 1960, the plaintiffs did abandon all further efforts and services toward the passage of a private bill in the Congress of the United States for the benefit of the defendants. As to this affirmative defense the burden of proof is upon the defendants to prove the same by a preponderance of the evidence as otherwise defined in these instructions.

"If you find from all of the evidence, that the plaintiffs performed the services required of them under this contract and did not abandon all further efforts and services toward the passage of a private bill in the Congress of the United States for the benefit of the defendants on or about April 21, 1960, then, you are instructed that the plaintiffs, under the evidence in this case, are entitled to recover as a matter of law the sum of $2500.00 together with interest thereon at the rate of six (6) per cent per annum from November 1, 1960, and you should return a verdict for the plaintiffs in such amount.

"You are instructed that efforts upon the part of George L. McKinnon, or any of the other defendants, to further the passage of the relief bill for the Crum-McKinnon Building Co., are not of themselves, inconsistent with the relief sought by the plaintiffs herein, and you are to consider any such evidence, together with all of the other evidence, only for the purpose of determining whether the plaintiffs did on or about April 21, 1960, abandon all further efforts and services towards the passage of said private bill."

Since the issue of abandonment was adequately covered by the given instructions, the district court did not err in refusing to give appellants' offered instructions 5, 8 and 11. Franck v. Hudson, 140 Mont. 480, 373 P.2d 951.

Appellants' offered instruction 6 is as follows:

"If you find from a preponderance of the evidence that the enactment of the Congressional bill in evidence herein, was not brought about as the result of the endeavors of the plaintiffs, then your verdict should be for the defendants."

Appellants' offered instructions 10 and 13 state the same proposition as that of 6 except in a different way. For that reason 10 and 13 need not be set out and we will consider all three offered instructions together.

Under the agreement, as admitted by the pleadings, pas-

sage of the Bill did not have to result solely from the endeavors of the plaintiffs and respondents.

After such a result becomes apparent, it is impossible to attribute thereto any single cause. The respondents' fee under the terms of the contract is not dependent upon a fruitless search for the compelling cause of a favorable result. Respondents were merely to work towards the passage of the Bill. They were supposed to be paid for their endeavors if the Bill passed. It was not error to refuse an instruction that is inapplicable.

■ Next, the appellants contend that the court erred in not allowing George L. McKinnon to testify as to what he necessarily had to do in Washington, D. C., toward the passing of the Bill, which would have displayed and corroborated an abandonment of the project by the respondents. What Mr. McKinnon did in Washington is irrelevant and immaterial in regard to an abandonment of the contract by respondents. Defendants could not control nor were they responsible for the activities of Mr. McKinnon. The activities of Mr. McKinnon were not inconsistent with the contract, and as such cannot be said to corroborate an abandonment of the contract by respondents. Moreover, according to the testimony, which is in no way discredited, of Mr. Kelleher's secretary, who at the time of the trial no longer worked for Mr. Kelleher, during the period after he returned from Washington up to when the Bill was passed, Mr. McKinnon came to Mr. Kelleher's office and consulted with him for quite long periods. Also during this period the witness relayed several telephone calls from Mr. McKinnon to Mr. Kelleher. After the Bill was passed and became law Mr. Kelleher prepared a claim for the corporation for the amount allowed under the Bill. The total conduct of Mr. McKinnon indicates that respondents did not abandon the contract. Further, if George McKinnon was the moving cause of the passage of the Bill, that connot be set up

as a defense. See Smith v. Gunniss, 115 Mont. 362, 144 P.2d 186; Sloan v. Stearns, 137 Cal.App.2d 289, 290 P.2d 382.

■■ Appellants claim error by the court's refusal to give appellants' offered instruction 10 so the jury could have decided whether or not respondents undertook to perform the contract by the use of personal influence. There is no evidence, except perhaps by way of innuendo, of the use of any personal influence by respondents in their performance of the contract. This being the case, it was not error to refuse the instruction upon an issue of personal influence. Refusal to give instructions not justified by the evidence is not error. Davis v. Sullivan Gold Mining Co., 103 Mont. 452, 62 P.2d 1292.

■ The next specification of error is that the court refused to give appellants' offered instruction 3 so the jury should have decided whether or not appellants' tender of their check in the amount of $1,267.39 was an offer of compromise. There is no testimony on behalf of plaintiffs that they intended the check as an offer of compromise or that the check was tendered as an offer of compromise. At the time the check was tendered there was no dispute between the parties. Both witnesses for appellants testified that after talking over the bill received from Mr. Kelleher appellants decided to pay it. There is no proof that the check was an offer of compromise. For the same reasons given in connection with the court's refusal to give appellants' offered instruction 10, the court did not err in refusing to give appellants' offered instruction 3.

■ Finally appellants specify as error the court's refusal to give appellants' offered instruction 15 which reads as follows:

"The uncertainty existing in the contract herein referred to in this action, should be interpreted most strongly against the party who caused the uncertainty to exist, as the plaintiff was responsible for the form of the contract."

The instruction assumes that uncertainty existed in the con-

tract. The instruction may have been proper if offered with other instructions concerning ambiguity in contracts, but standing alone it is uncertain and ambiguous. The instruction relates solely to a written contract. The contract, as shown by the pleadings, and the evidence was not entirely embodied within the written retainer. The instruction, is deficient among other things, in that it assumes that the respondents caused uncertainty to exist in the contract, and therefore it was not error to refuse to give it. Miles City Bank v. Askin, 119 Mont. 581, 179 P.2d 750, 171 A.L.R. 790, and see Adams and Gregoire, Inc. v. National Indemnity Co., 141 Mont. 103, 375 P.2d 112.

Respondents have filed herein a motion to strike the bill of exceptions. In view of our decision to affirm the judgment, it is unnecessary to consider the motion.

The judgment is affirmed.

MR. CHIEF JUSTICE JAMES T. HARRISON, and MR. JUSTICES JOHN CONWAY HARRISON, ADAIR and DOYLE, concur.